Plaintiffs, appearing pro se, filed a petition on March 16, 1979, under Rule 36 (Petition Pending Motion for Discovery). They allege, inter alia: that in 1960 the United States government, acting through then Senator Lyndon Johnson, entered into an agreement with plaintiffs pertaining to their "vast mining claims” located in Oregon, Nevada, and Utah, which involved principally uranium ore; that plaintiffs permitted "their vast financial holdings to be manipulated for the benefit of’ the United States and agreed "to keep all transactions secret”; that plaintiffs attempted to *914 collect their funds sometime after a "gag” order was lifted in 1978 and the transaction was no longer a secret; that Bertrom H. Stafford of the Treasury Department was assigned to keep accounts for all of plaintiffs’ assets; that Mr. Stafford’s last audit showed that plaintiffs were owed more than $100 million; and that plaintiffs have never been paid.
Plaintiffs have filed a set of interrogatories pursuant to their petition under Rule 36. The trial judge has granted defendant’s motion to suspend plaintiffs’ discovery until resolution of defendant’s present motion to dismiss the petition.
That motion rests on two grounds: that plaintiffs’ claim is barred by the statute of limitations and that plaintiffs have failed to state a claim upon which relief can be granted. Alternatively, defendant has moved for a more definite statement.
Section 2501, 28 U.S.C., provides a 6-year period within which suit against the United States on a contract may be brought. Although the agreement allegedly dates back to 1960, apparently no demand for a final accounting and repayment was made until 1978 or later. Plaintiffs’ cause of action did not accrue until demand for payment was made and refused. See Hurst v. United States, 220 Ct.Cl. _ (1979); Oceanic Steamship Co. v. United States, 165 Ct. Cl. 217 (1964). The same rule would apply if the agreement were regarded as a trust. The limitations period would not begin to run until the trustee repudiated the trust. Benedict v. City of New York, 250 U.S. 321 (1919); Order of St. Benedict of New Jersey v. Steinhauser, 234 U.S. 640 (1914).
In support of its motion to dismiss for failure to state a claim, defendant contends that there is no evidence that plaintiffs’ allegations have any basis in fact and that plaintiffs have failed to comply with Rule 35 regarding the contents of their petition. It would be inappropriate to make any judgment at this time about the validity of plaintiffs’ allegations. Further, while plaintiffs have failed to comply with Rule 35 in several respects, they have alleged an agreement with the United States and a breach of that agreement by the United States. Therefore, plaintiffs should be allowed an opportunity to perfect their *915 petition before any judgment is made on the sufficiency of their pleadings.
Because of the failure of plaintiffs to comply with Rule 35, however, defendant’s motion for a more definite statement under Rule 38(e) is granted. See Hurst v. United States, supra. Plaintiffs argue that Rules 35 and 38 do not apply to a petition under Rule 36. Rule 36 does require plaintiffs to state their claim as far as is within their power. Even though defendant is not required to respond with an answer until plaintiffs amend their petition after discovery, defendant must respond to plaintiffs’ request for discovery or move for summary judgment. In either case defendant is entitled to sufficient details to inform it about the claim being asserted. Thus, the contents of the petition should conform with Rule 35 to the fullest extent possible. Plaintiffs have not given all the necessary details which should be within their knowledge.
it is therefore ordered that defendant’s motion to dismiss is denied and that its motion for a more definite statement is granted. Plaintiffs are directed to file, within 30 days of the date of this order, an amended petition setting forth in detail: (1) the basis for each claim or cause of action, e.g., violation of a specific statute or regulation;® all facts upon which each claim is based, including the date and place of the alleged agreement; all persons who were a party to the agreement; the date, place and person on whom demand for payment was first made; the exact location of all land and mining claims transferred to the government and the office and date where the transfer was recorded; and a description of all other items of property transferred to the government; (3) whether the alleged agreement was in writing or oral; (4) if in writing plaintiffs are to supply a copy; and (5) if oral, plaintiffs are to state the substance of the agreement as fully as possible, including, for example, the manner and method by which accounts were audited and the dates on which payments were to be submitted. If plaintiffs fail to comply fully with this order, their petition will be dismissed.