"Trust” agreement; breach; authority of Government agent; mining claims. — On June 20, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
Originally this case was submitted to the court on August 22, 1979, on defendant’s motion to dismiss. By order dated October 19, 1979, 221 Ct.Cl. 913, the court denied defendant’s motion and required plaintiffs to file an amended petition with the court within 30 days. Plaintiffs’ amended petition was filed on November 19, 1979. Subsequently defendant has, by its motion for summary judgment dated December 19, 1979, once again brought plaintiffs’ claim before the court.
Plaintiffs allege that in 1963 the United States Government entered into a trust agreement with plaintiffs pertaining to plaintiffs’ mining claims located in California and Nevada. Pursuant to the "trust” agreement, the Government allegedly assumed full responsibility for all assets within what was to become known as the "Oregon Trust.” It is further alleged that a Mr. Bertrom H. Stafford, as agent for the United States, obligated defendant to buy uranium from mines owned by Trans Pacific Enterprises, Inc. Plaintiffs claim that the Government breached this agreement by failing to pay for the ore taken from the mines, and for failing to protect and periodically audit the trust. *702 Defendant also, it is alleged, failed to inform plaintiffs of any audit of the trust defendant might have undertaken.
Defendant counters plaintiffs’ contentions by an assertion, with an Internal Revenue Service affidavit in support thereof, that no "Bertrom H. Stafford” ever worked for the Internal Revenue Service, and therefore such person could not have bound the Government to any agreement with plaintiffs.
Defendant, in moving for summary judgment, contends that there is no disputed material fact that has yet to be resolved. Although the Internal Revenue Service affidavit raises certain questions about plaintiffs’ claims, it is not enough, standing alone, to support dismissal of the petition on a motion for summary judgment. Among alleged facts that appear to be material and disputed, the following questions are just a few of those presented:
1. Did Mr. Bertrom Stafford exist, and was he employed by defendant?
2. Was Stafford, if he existed, a direct agent of President Johnson?
3. As evidenced by copy of a letter on Bureau of Mines, Department of the Interior stationery, dated February 18, 1973, it is alleged that plaintiffs’ trust was affected by Pub. L. No. 91-631. In this letter the Director of the Bureau of Mines noted the existence of Mr. Bertram H. Stafford. Is this letter authentic?
4. As evidenced by copy of a letter from The Nevada Agency and Trust Company, dated October 10, 1974, not only is Bertrom Stafford mentioned, but his existence as special agent of the Treasury Department is presumed. This letter also acknowledges existence of the "Oregon Trust.” Can this document be verified?
5. Among other documents attached to plaintiffs’ complaint is a mining report for the "Red Hill Deposit,” written by Andrew J. Zinkl, Registered Mining Engineer. His address is well noted on the stationery. It would seem to be a small matter to verify the existence of such an engineer, and to determine whether this report substantiates plaintiffs’ claims.
There are a myriad of potential questions that could be material to the proper resolution of this case. Yet the answers to these questions would be better answered by *703 means of the discovery and other procedures available at the trial level rather than on a motion for summary judgment.
it is therefore ordered, without oral argument, that defendant’s motion for summary judgment is denied; plaintiffs’ motion for partial summary judgment is denied; and the case is remanded to the trial division for further proceedings consistent with this order.