BENNETT, Circuit Judge.
 

 Appellant
 
 *
 
 appeals from the decision of the United States Claims Court, 2 Cl.Ct. 409 (1983), which granted defendant’s motion for summary judgment and dismissed the petition. We
 
 affirm.
 

 OPINION
 

 This breach of contract case was the subject of a published order, 221 Ct.Cl. 913 (1979), where the court granted defendant’s motion for a more definite statement and required that an amended petition be filed by plaintiffs within 30 days. The court enumerated those matters which the amended petition should address and cautioned that failure to comply with the order would result in dismissal of the case.
 

 
 *1460
 
 An amended petition was filed, and defendant still was unable to verify any of the allegations. Defendant’s motion for summary judgment was denied, and the case was remanded to the trial division of the court for discovery.
 
 Wright v. United States,
 
 224 Ct.Cl. 701 (1980).
 

 Defendant filed interrogatories to which plaintiffs responded, but it considered plaintiffs’ responses as unintelligible as their pleadings and that they again failed to identify what was to be litigated. Defendant, therefore, moved for summary judgment. The Claims Court granted defendant’s motion and dismissed the petition. 2 Cl.Ct. 409 (1983).
 

 The United States Claims Court and its predecessor, the United States Court of Claims, have demonstrated remarkable patience with plaintiffs, giving them every reasonable opportunity to cooperate and to move their case forward. They were induced to do so because plaintiffs appeared pro se. In a seven-page published opinion, cited above, the Claims Court reviewed the history of the case in meticulous detail. Its conclusion was that, in describing plaintiffs’ responses to defendant’s interrogatories as “vague, incomplete, less than fully responsive, and even ‘virtually incomprehensible,’ ” defendant understated the situation. The court found a persistent bad faith course of conduct by plaintiffs which had completely frustrated an orderly conduct of the case and deliberately obfuscated their claim. The court observed that “over the years both vast amounts of scarce judicial resources, and the obvious expenditure by the government of considerable time, money, and effort” had been expended, all on account of the disregard by plaintiffs of the orders of the court. Even assuming that plaintiff Bean had standing to sue, which was doubtful, the court concluded that not only should the case be dismissed but that plaintiff Wright had no standing to sue as a stockholder of the alleged corporation or trust.
 

 We have no difficulty in concluding that the Claims Court decision must be affirmed. We need not reach the strong inferences of fraud and forgery in this claim. At the very least, the amount of time and attention this frivolous case has required of the courts is an abuse of the judicial process in startling dimensions. Not only has final resolution been delayed for years by plaintiffs’ tactics, but cases of other plaintiffs have been delayed while the court was required to give attention to this one.
 

 The statutes and rules provide sanctions in situations such as this. 28 U.S.C. § 1912 (1976) and FED.R.APP.P. 38.
 
 See also Beachboard v. United States,
 
 727 F.2d 1092 (Fed.Cir.1984);
 
 Connell v. Sears, Roebuck & Co.,
 
 722 F.2d 1542, 1553-55, 220 USPQ 193 (Fed.Cir.1983);
 
 Collins v. Amoco Production Co.,
 
 706 F.2d 1114 (11th Cir.1983);
 
 United States v. Hart,
 
 701 F.2d 749 (8th Cir.1983);
 
 Asberry v. United States Postal Service,
 
 692 F.2d 1378 (Fed.Cir.1982);
 
 United States v. Potamkin Cadillac Corp.,
 
 689 F.2d 379 (2d Cir.1982).
 

 Accordingly, on its own motion, this court awards the government-appellee double its allowable costs and $500 damages, to be paid by Robert J. Wright, the sole appellant in the action presently before this court.
 

 AFFIRMED.
 

 *
 

 Charles E. Bean was also a plaintiff before the United States Claims Court, but is not a party to this appeal.