STATE OF OREGON, Acting By and Through the DIRECTOR OF VETERANS' AFFAIRS, Plaintiff,

v.

Roger E. LOE; Patricia R. Loe; the Federal Land Bank of Spokane, a corporation; Agri-Credit Corporation, an Oregon corporation; Rosewood Resources, Inc.; Robert J. Wright, Trustee, Oregon Evangelical Trust; and Marguerite E. Wright, Trustee, Oregon Evangelical Trust, Defendants,

v.

UNITED STATES of America and Charles E. Bean, United States Field Tax Auditor and Does 1 to 20, Third-Party Defendants.

Civ. No. 84–1432 PA.

United States District Court,
D. Oregon.

April 17, 1986.

PANNER, Chief Judge.

I asked the parties to this action to brief several issues. I now rule on them, and order that the Clerk of the Court enter judgment dismissing the third-party claims against the United States *nunc pro tunc.*

The Clerk shall also enter a present judgment dismissing the third-party claims against Charles Bean and the Doe defendants and remanding this action to state court. The Clerk shall also refuse to accept papers filed by Robert J. Wright unless there is prior approval by a judge of this district.

## BACKGROUND

This is an action to foreclose on a mortgaged loan by plaintiff State of Oregon, through its Veterans Affairs Office, to defendants Robert and Patricia Loe. The action was originally filed in state court.

The State contends that its interest is superior to any owned by the other defendants, which include the Evangelical Oregon Trust (Trust) and Robert J. Wright, Trustee. Wright filed a third-party claim against the United States, "Charles E. Bean United States Field Tax Auditor and Does 1 to 20."

The United States removed the action to federal court and moved to dismiss the claims against it. By minute order dated September 13, 1985, Judge Redden ordered that the motion was granted.

On December 4, 1985, Wright filed a Chapter 11 bankruptcy in California.

Wright makes the following allegations in the third-party complaint. The Loes transferred the patent rights to the mortgaged property to him. These rights are superior to those of the State. The State is operating on money borrowed from the federal government, which in turn owes over six billion dollars to the Trust for uranium, radium, and gold it acquisitioned from the Trust. A portion of the federal debt was assigned to the State as satisfaction for any interest the State has in the mortgaged property. The State need only apply the assignment to offset the federal government loan to the State.

Wright alleges that payment was guaranteed by federal statute, the fourth amendment, and fourth section of the fourteenth amendment, which deals with the public debt. Wright also alleges federal law enforcement personnel have seized and destroyed Trust records. He asks for payment for the minerals, a return of records, and appointment of a grand jury to investigate oil company officials, FBI officials, and a member of Congress.

Wright also alleges that the U.S. Court of Claims dismissed his claims in a similar action three years ago. *Wright v. United States*, 2 Cl.Ct. 409 (1983) (dismissing action by Wright and Bean because of discovery abuse and failure to comply with court orders; as stockholders in corporation, they also lacked standing to represent it). Wright contends the decision was without jurisdiction.

I requested that the parties brief several issues, including: (1) whether the minute order suffices as a judgment; (2) whether the court can enter judgment for the United States *nunc pro tunc* to the date of the minute order, despite the automatic stay under the Bankruptcy Code; (3) whether Wright, as a nonlawyer Trustee, could represent the Trust; and (4) whether the action could be remanded to state court. I now rule on these issues.

## RULING

■ The Clerk shall enter judgment *nunc pro tunc* dismissing the third-party claims against the United States as of the date of Judge Redden's minute order. All courts have the inherent authority to enter orders *nunc pro tunc* to show that their previously entered act ought to have been shown at a prior time. The minute order here could stand itself as a judgment. However, because recent Ninth Circuit authority raises some question on this point, a judgment *nunc pro tunc* will resolve any possible dispute concerning the failure to enter a more formal judgment as to the claims against the United States.

■ The stay provision is not violated. Title 11 U.S.C. § 362(a)(1), provides for a stay of the "commencement or continuation" of judicial action against the debtor "that was or could have been commenced" before the commencement of the bankrupt-

cy action. Because a judgment *nunc pro tunc* formalizes an earlier action, it does not constitute either a commencement or continuation of judicial action against the debtor.

■ The claims against Charles Bean and the Doe defendants are also dismissed *sua sponte.* Though Bean is named in the caption, there is no mention of him in the third-party complaint. The caption names Bean as a "United States Field Tax Auditor." Bean has acted as a pro se co-plaintiff with Wright in previous actions, however. *E.g., Wright v. United States, supra.* There is no allegation in the complaint that Bean performed any act on behalf of the United States. Dismissal of the Doe defendants is also necessary because the Ninth Circuit does not permit the use of Doe defendants. *Sigurdson v. Del Guercio,* 241 F.2d 480, 482 (9th Cir.1956). The claims against Bean and the Doe defendants also appear barred by collateral estoppel.

■ Dismissal of these defendants does not violate the automatic stay provision. Wright's bankruptcy petition indicates that the debtor is an individual, not a trust. The quitclaim deed by the Loes indicates that the property was transferred to "Robert J. Wright Trustee, Evangelical Oregon Trust." Any interest in the land is owned by the trust, not by Wright as an individual. The stay does not apply, and dismissal of Bean and the Doe defendants is appropriate.

With dismissal of Bean and the Doe defendants, no third-party claims remain. There is no reason not to remand this action to state court so that the State can foreclose on the property. To hold otherwise would allow an abuse of the bankruptcy laws.

■ Wright's representation of the Trust is also improper. As a nonattorney, Wright may not represent the Trust pro se merely because he is a Trustee. The reasons for this are the same as those for not allowing an officer or shareholder to represent a corporation pro se: to protect others from the mistakes that a nonattorney can make. While Wright may represent himself in legal proceedings, he may not represent the Trust by bringing an action in his capacity as Trustee.

■ Sanctions against Wright are also justified here. The third-party complaint is clearly barred under res judicata principles. Like many other claims filed by Wright, the claims here are frivolous. *E.g., John Hancock Mutual Life Insurance Co. v. Dowers,* CV 85–769–BU (D.Or. May 22, 1985) [Available on WESTLAW, DCTU database] (order dismissing similar claim, remanding action to state court, and assessing sanctions of $250.00 against Wright); *United States v. Wright,* CV 85–1053–LE (D.Or. Oct. 1, 1985) [Available on WESTLAW, DCTU database] (order dismissing similar claim on res judicata grounds); *Federal Land Bank of Spokane v. Kiser,* CV 85–1714–PA (D.Or. Dec. 26, 1985) (same); *Federal Land Bank of Spokane v. Loe,* CV 85–1654–PA (D.Or. Feb. 5, 1986) (same); *State of Oregon v. Davis,* CV 86–90–BU (D.Or. March 31, 1986) (same result on res judicata and limitations grounds).

Before Wright may file any further papers in any action in the District of Oregon, he shall first obtain the approval of a U.S. District Judge or Magistrate.

## CONCLUSION

The Clerk shall enter judgment dismissing the third-party claims against third-party defendant United States. Judgment shall be *nunc pro tunc* as of September 13, 1985.

Charles Bean and the Doe defendants are also dismissed from the third-party complaint. The Clerk shall enter judgment dismissing these defendants and the third-party complaint with prejudice, and remanding the action to Marion County Circuit Court.

Robert J. Wright may no longer represent the Evangelical Oregon Trust in his capacity as Trustee, nor may he represent any trust in this capacity or any other in legal proceedings in this district. Before Wright may file any further papers in this

district, he must first obtain the approval of a U.S. District Judge or Magistrate of this Court.

IT IS SO ORDERED.