The **FEDERAL LAND BANK OF OMAHA, A Corporation,** Plaintiff,

v.

**DUSCHEN FARMS INCORPORATED, An Iowa Corporation, United States of America, Robert J. Wright, Trustee of Evangelical Oregon Trust, Defendants.**

No. C 85–1034.

United States District Court, N.D. Iowa, E.D.

Dec. 29, 1986.

John C. Monroe, Cedar Rapids, Iowa, for plaintiff.

Joseph A. Peiffer, Thomas J. Meeker, Cedar Rapids, Iowa, for defendant Duschen Farms Inc.

Paul C. Lillios, Cedar Rapids, Iowa, for defendant United States.

Robert J. Wright, pro se.

## ORDER

HANSEN, District Judge.

This matter is before the court on defendant United States of America's motion to dismiss cross-complaint and third-party complaint. Motion granted.

Plaintiff Federal Land Bank seeks to foreclose on land owned by defendant Duschen Farms Incorporated. Defendants United States of America and Robert J. Wright, Trustee of the Evangelical Oregon Trust, are the parties to this action for the reason that they have claims on the property.

This case was removed from the Iowa District Court for Jackson County to Federal Court by defendant United States pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1444, and 28 U.S.C. § 2410.

In the Iowa District Court for Jackson County, defendant Wright filed a "cross-complaint" and "third-party complaint" against the United States.[1] In the cross-complaint, Wright claims that the United States owes the Evangelical Oregon Trust "the sum of more than one hundred million dollars" by virtue of a May 1, 1963 agreement signed by Bertrom H. Stafford, a United States Treasury Department "special agent," who was on "special assignment" from President Kennedy to head up a commission dealing with "evangelical probate estate assets." According to the cross-complaint, Bertrom Stafford and Charles E. Bean were the chief auditor and co-auditor, respectively, of the commission, which was within the Atomic Energy Com-

mission. The cross-complaint further alleges that "the funds used to buy the Duschen Farms came from that account owed by the United States Treasury Department and the United States Department of Energy." Wright requests that the court "order payment of the U.S. Treasury Department of the debt owed to the Trust."

In his third-party complaint, Wright joined the United States Department of Energy and Charles E. Bean, supposedly a field tax auditor for the United States Government.[2] This third-party complaint is "in the nature of mandamus," seeking a writ of mandamus from the Iowa District Court for Jackson County which would order Charles E. Bean to appear before the court with "all documents, records, receipts, invoices, books and records, of all federal agencies as well as those records of Escrow Companies and private corporations dealing or holding records of the Evangelical Oregon Trust and those corporate entities under the trust umbrella."

While the cross-complaint and the third-party complaint are interesting, they are wholly without merit.

### A. Cross-complaint

The cross-complaint should be dismissed because Wright's claims are barred by res judicata and collateral estoppel; by sovereign immunity; by statute of limitations; and by an invalid assignment of an obligation of the United States.

■ The cross-complaint is barred under res judicata and collateral estoppel principles. Wright has previously litigated his claim against the United States in *Wright v. United States*, 2 Cl.Ct. 409 (1983), *aff'd* 728 F.2d 1459 (Fed.Cir.1984), *cert. denied*, 469 U.S. 844, 105 S.Ct. 153, 83 L.Ed.2d 90 (1984). *See also State of Oregon v. Loe*, 65 B.R. 16, 17 (D.Or.1986). Furthermore,

---

1. The descriptions of these claims as "cross-complaint" and "third-party complaint" are Wright's, and in deference to a pro se litigant, and for simplicity the court will use Wright's description.

2. Given Bean's involvement with Wright as pro se complainant in previous court cases, *see Wright v. United States*, 2 Cl.Ct. 409 (1983) and *State of Oregon v. Loe*, 65 B.R. 16 (D.Or.1986), the court doubts that Bean is an official of the United States Government.

Wright's claim has been dismissed by the United States District Court for the District of Oregon on the basis of failure to file a complaint within the applicable statute of limitations. *State of Oregon v. Marguerite E. Wright Trust,* Civil No. 85–6518–E (D.Or. March 16, 1985). Here, Wright is barred from relitigating this same claim against the United States government. *See e.g., Midcontinent Broadcasting Co. v. Dresser Industries,* 669 F.2d 564, 566 (8th Cir.1982).

■ Wright is also unable to bring his cross-complaint against the United States because this court has no subject matter jurisdiction over the claim. If Wright's claim is based upon a breach of contract, then this court lacks jurisdiction over the claim since the claim for the Evangelical Oregon Trust is in excess of $10,000. 28 U.S.C. § 1346(a)(2). Similarly, Wright's claim under a tort theory is barred for the reason that he has neither alleged nor demonstrated that all administrative proceedings have been sought and relief denied. Here, the cross-complaint does not arise out of the same set of facts as the original claim, and therefore must be dismissed. *Frederick v. United States,* 386 F.2d 481, 489 (5th Cir.1967); *United States v. Chatham,* 415 F.Supp. 1214, 1216 (N.D.Ga. 1976). Since a denial of the requested relief in all applicable administrative agencies is a prerequisite to jurisdiction in this court, this court has no jurisdiction. 28 U.S.C. § 2675; *Smith v. United States,* 588 F.2d 1209, 1211 (8th Cir.1978).

■ Wright's claim is also barred by either the two year statute of limitations for tort claims, or the six year statute of limitations for contract claims. 28 U.S.C. § 2401. Here, the alleged agreement was made on May 1, 1963, and no apparent activity concerning the alleged agreement and debt has occurred since November, 1974. Wright has brought his claim nearly eleven years later and is time barred.

■ Finally, Wright cannot argue that any alleged obligation on the part of the United States was transferred to Duschen Farms since the requirements of assigning claims against the government were not satisfied. 31 U.S.C. § 3727.

### B. Third-Party Complaint

■ This court lacks subject matter jurisdiction to grant a writ of mandamus against a federal official when the court's jurisdiction is based upon the removal jurisdiction statute, 28 U.S.C. § 1441. As such, this court's jurisdiction is derived from the jurisdiction of the state court, and cannot grant relief which the state court could not. *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). Since the Iowa District Court for Jackson County had no authority to issue mandamus against a federal official, this court also lacks the jurisdiction to do so. *McClung v. Silliman,* 19 U.S. (6 Wheat) 598, 5 L.Ed. 340 (1821). The court notes that new 28 U.S.C. § 1441(e) is inapplicable since this action was commenced before June 19, 1986.

■ Additionally, mandamus may issue "only when the plaintiff has a clear right to relief, the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy." *Borntrager v. Stevas,* 772 F.2d 419, 420 (8th Cir.1985). Wright has not shown that Bean has the duty and ability to produce the documents that Wright seeks, or that he cannot obtain the documents by directly seeking them from Bean. A writ of mandamus is inappropriate.

Defendant United States' and third-party defendant United States Department of Energy's motion to dismiss cross-complaint and third-party complaint should be granted.

### ORDER

Accordingly, It Is Ordered:

Defendant United States of America's and third-party defendant United States Department of Energy's motion to dismiss cross-complaint and third-party complaint is granted.