**F/H INDUSTRIES, INC., a Delaware corporation, Plaintiff,**

v.

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA., a Pennsylvania insurance corporation, Defendant.**

No. 85 C 5433.

United States District Court, N.D. Illinois, E.D.

Feb. 12, 1987.

Gary Friedman, Leonard Saphire-Bernstein, Arvey Hodes Costello & Burman, Chicago, Ill., for plaintiff.

Robert A. Downing, Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff F/H Industries, Inc. (formerly known as Scot Lad Foods, Inc. and referred to here as "Scot Lad") has filed a "motion to reconsider" this Court's order granting summary judgment to defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), *see* 635 F.Supp. 60 (N.D.Ill.1986). For the reasons set forth below, Scot Lad's motion is granted.

The facts are set forth more extensively in our earlier opinion, 635 F.Supp. 60 (N.D. Ill.1986), but we will recount some of the more important details here. The underlying dispute in this case concerns a directors' and officers' liability corporate reimbursement policy between Scot Lad and National Union, the insurer. Scot Lad seeks payment for the settlement of a counterclaim suit against Scot Lad and Joseph Lickteig, a former director, filed by C.R. Purdy, also a former Scot Lad officer, director and shareholder. The disputed insurance policy provided for reimbursement to Scot Lad of payments made to indemnify its officers and directors for liabilities incurred in their official capacity. At the time Scot Lad sought insurance coverage, it was being threatened with the Purdy suit and it disclosed this matter in its insurance application, which specifically excluded coverage for matters so disclosed. *Id.* at 61–62. Scot Lad filed this action against National Union for breach of the insurance contract, but we found that the policy exclusion in the application barred coverage under the terms of that contract. *Id.* at 63 & n. 4. Undeterred, Scot Lad proceeded with claims that National Union had waived enforcement of the exclusion and/or that National Union was estopped from enforcing its terms. We then held that there was not sufficient evidence, even reading the facts in the light most favorable to Scot Lad, from which a reasonable jury could find that a waiver or estoppel had arisen. *Id.* at 63–65. Concluding that none of Scot Lad's claims could be sustained, we entered summary judgment for National Union.

National Union's original motion was filed under Fed.R.Civ.P. 12(b)(6) and styled as a motion to dismiss for failure to state a claim. Because we considered matters outside of the pleadings in our ruling, however, we converted that motion to a summary judgment motion pursuant to Rule 12(b). Scot Lad's present motion is predicated on this Court's failure to give it notice of the procedural conversion and provide an opportunity to respond in a fashion appropriate to summary judgment disposition as required by Fed.R.Civ.P. 12(b).

## 1. SCOT LAD'S MOTION TO VACATE

Before reviewing the substance of Scot Lad's claim, we address an ongoing and increasingly perturbing element of post-judgment procedure in federal district court. Litigants routinely file papers loosely designated as "motions to reconsider," following an adverse ruling and entry of judgment in the district court. As a technical matter, under the Federal Rules of Civil Procedure there is no such creature as a "motion to reconsider" available to a party who has had a judgment entered against him. Furthermore, the local rules of this Court do not authorize such a motion. Rather, depending on the timing and reasons for reconsideration, the appropriate procedure is to file a motion to alter or amend the judgment pursuant to Fed.R. Civ.P. 59, or a motion to vacate the judgment under Fed.R.Civ.P. 60. The importance of precision in the filing of these post-judgment motions lies in the distinct standards which must be met by the moving party in order to succeed on these procedural second bites at the apple. *See Marine Bank v. The Meat Counter, Inc.,* No 84 C 8661, slip op. (N.D.Ill. Apr. 30, 1986) [Available on WESTLAW, DCT database] (contrasting standards under each rule). The characterization of the motion also has significant implications regarding the time within which such motions may be

filed (Rule 59 motions must be filed within ten days of the judgment), the time for appeal and the jurisdiction of the court of appeals.[1] To little avail, the Seventh Circuit Court of Appeals has repeatedly admonished attorneys to properly label such motions in order that the district courts reviewing them may apply the appropriate standards. *See, e.g., Labuguen v. Carlin,* 792 F.2d 708, 709 (7th Cir.1986).

In the present case, Scot Lad did not actually label its motion until the final page of its reply brief, where it explicitly requested relief under Fed.R.Civ.P. 59(e). The Seventh Circuit has instructed district courts to treat all substantive post-judgment motions filed within ten days of judgment under Rule 59. *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986). Accordingly, because Scot Lad's original motion was filed with this Court within ten days of our original Fed.R.Civ.P. 58 judgment, we treat its present motion under Rule 59(e).[2]

■ Although Rule 59(e) expressly authorizes a court only to "alter or amend" its judgment, it is commonly recognized that a party seeking to have a judgment vacated may properly do so under Rule 59(e). *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.,* 705 F.2d 249, 250 (7th Cir.1983); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2817 (1973). Rule 59 provides a procedure whereby the court can correct manifest errors of law or fact or consider the import of newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications,* 762 F.2d 557, 561 (7th Cir.

1985); *Marine Bank v. The Meat Counter, Inc.,* slip op. at 3 (N.D.Ill. Apr. 30, 1986) [Available on WESTLAW, DCT database].

In the present case, Scot Lad claims that this Court erred in converting National Union's motion to dismiss under Fed.R.Civ.P. 12(b)(6) into a summary judgment motion under Fed.R.Civ.P. 56 without first providing notice and an opportunity for the parties to respond appropriately. Accordingly, Scot Lad asserts, the Court should vacate the judgment under the authority of Rule 59(e).

The last sentence in Rule 12(b) states that when considering a motion to dismiss for failure to state a claim upon which relief can be granted:

> [i]f ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion* by Rule 56.

Fed.R.Civ.P. 12(b) (emphasis added). In setting forth the reasons underlying this provision, the Advisory Committee Notes explain that this rule "insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through conversion of the motion into a motion for summary judgment." Fed.R. Civ.P. 12(b) advisory committee's note. Scot Lad argues that the purpose of this rule was undermined by this Court in its conversion, without notice, of National Union's motion into one for summary judgment.

---

**1.** For example, when a timely motion to alter or amend the judgment is filed under Rule 59(e), the time for appealing the original judgment is stayed pending resolution of the Rule 59(e) motion, whereas, a motion to vacate the judgment under Rule 60(b) does not have that effect. *Wort v. Vierling,* 778 F.2d 1233, 1234 & n. 1 (7th Cir.1985); *see also* Fed.R.App.P. 4(a)(4)(iii).

Furthermore, in the present case Scot Lad filed a notice of appeal shortly after its Rule 59(e) motion was filed. While that procedure would ordinarily divest this Court of jurisdiction to adjudicate further disputes in this case, the notice of appeal has no effect here because Scot Lad filed a timely Rule 59(e) motion. *Ced's Inc.*

*v. United States Environmental Protection Agency,* 745 F.2d 1092, 1096 (7th Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985).

**2.** We stress that losing parties are not entitled to a reconsideration of every ruling or judgment as a matter of right, but must set forth legitimate reasons for the district court to change its initial ruling. Although in some circumstances it may be prudent for a party to point out a specific error of law or fact made by the district court rather than undergo the expense and effort of a formal appeal, such procedures are provided in Rules 59 and 60.

While the rule appears to require notice and an opportunity for response in every case where a court decides to make the conversion to summary judgment, compliance with the requirement is not absolutely necessary where the non-moving party had ample opportunity to submit non-pleading material on the relevant issue. *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 271–73 (7th Cir.1986). Furthermore, the failure to give notice and opportunity to the non-moving party to present extra pleading material will not always result in reversal where it is clear that nothing else could have been raised to alter the entry of summary judgment. *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280–81 (7th Cir.1986). Nevertheless, because the consequences are so serious, as a summary judgment ruling against a party constitutes a decision on the merits, this Court believes that the notice and opportunity requirement should only in the most extreme circumstances be bypassed.

In our earlier opinion, we took issue with Scot Lad's desperate claim in its supplemental response to the motion to dismiss that it had not had an adequate opportunity to address the motion as one for summary judgment, calling such a claim "disingenuous" in light of the extensive evidentiary submissions provided by Scot Lad in its original response to National Union's motion.[3] Nonetheless, we are not unsympathetic to Scot Lad's plight at this stage, since its position is bolstered by certain evidence which was not presented to the Court prior to our original ruling. *Cf. Lazzara*, 802 F.2d at 272 (party's failure to indicate what materials it would have produced had it been given appropriate notice weighs against it in reviewing prejudicial effect). Newly filed affidavits may be the basis of an order vacating a judgment under Rule 59(e) where the aggrieved party was not properly allowed an opportunity to present its side. *Marine Bank*, slip op. at 6 n. 4 (N.D.Ill. Apr. 30, 1986) [Available on WESTLAW, DCT database]. Accordingly pursuant to the terms of Fed.R.Civ.P. 59(e), we allow Scot Lad's motion to vacate our earlier judgment and herein consider anew the original motion of National Union.[4] Once again, however, we consider it as a motion for summary judgment since we now deem both parties to be sufficiently aware of the fact that consultation of extra-pleading material is necessary to a ruling on Scot Lad's complaint.[5]

## II. NATIONAL UNION'S MOTION FOR SUMMARY JUDGMENT

In our earlier decision, we determined that there were no genuine issues of fact

---

3. From the inception of this suit, the filing of papers has escalated. Scot Lad's complaint had ten exhibits attached to it, including a copy of the insurance policy. National Union's motion to dismiss included one exhibit, a copy of the application filed by Scot Lad with the exclusion for the Purdy suit included. Scot Lad's response was supplemented with nine additional exhibits, although, to be fair, we note that a few of these were merely duplicates of exhibits already submitted with the complaint. Finally, National Union's reply brief was adorned with four additional exhibits. Most of the exhibits were either copies of correspondence between the parties or affidavits of individuals involved.

4. Although we grant Scot Lad's motion to vacate our earlier judgment on the basis of our failure to notify it of the conversion to summary judgment, we observe that Scot Lad was not quite the unfairly surprised ingenue it professes to have been. In fact, when this Court set a briefing schedule on National Union's 12(b)(6) motion in open court, Scot Lad's counsel requested a period to conduct discovery before it could respond. Facial attacks on a complaint do not require evidentiary rebuttals so it is unclear why this request was made if Scot Lad did not anticipate a resolution on summary judgment. Furthermore, the two affiants who provided the information we rely on in making today's decision were available to Scot Lad at the time of its original response, and one of them, Robert Stewart, had actually submitted a different affidavit in support of Scot Lad's original response to the motion to dismiss.

5. We will not entertain any further motions to "reconsider" based on lack of notice. At this point, both parties should be well aware of the necessity to resolve the disputes regarding waiver and estoppel on summary judgment. After completion of discovery, either party may file a summary judgment motion with adequate supporting materials to demonstrate that there is no genuine issue of material fact on these issues.

regarding National Union's liability to Scot Lad under the disputed insurance policy. We held that coverage for the claim growing out of the Purdy suit was explicitly disallowed under a policy exclusion contained in the insurance application, which was incorporated as part of the policy. 635 F.Supp. at 61–63. Furthermore, we held that there were insufficient facts from which a reasonable inference could be drawn that National Union either waived this exclusion or was estopped from enforcing it. *Id.* at 63–65. In doing so, we viewed the only relevant documentary submission by Scot Lad to be a letter written to Sydney Lilly, an executive vice-president of Scot Lad's parent corporation, by Howard Wildman, counsel to National Union (the "Wildman letter"). *See* Plaintiff's Memorandum In Opposition to Motion to Dismiss the Complaint, Exh. E. In that letter, dated December 6, 1984, Wildman stated that:

> At the present time, National Union has no facts which would indicate that Scot Lads [*sic*], Redi-Froz and Mr. Lickteig would not be entitled to coverage; however, since the amended counterclaim has only recently been filed, it would appear necessary to await further developments before finally determining the rights and obligations of Scot Lads [*sic*], Redi-Froz, Mr. Lickteig and National Union under the insurance.

We held that this letter constituted a preliminary communication which could not reasonably be construed as an affirmative act by National Union intentionally relinquishing its right to enforce the terms of the insurance agreement, thus entitling National Union to summary judgment on the waiver issue. 635 F.Supp. at 64. We also held that the subsequent events alleged by Scot Lad regarding National Union's purported delays in responding to Scot Lad's inquiries about coverage were not sufficient to raise a genuine issue of fact with respect to Scot Lad's prejudicial reliance on

National Union's conduct. *Id.* at 65. Accordingly, we entered summary judgment against Scot Lad on its estoppel theory as well. *Id.*

■ At the time we ruled, and from the record which we were reviewing, we operated under the assumption that no formal claim had ever been made by Scot Lad to National Union for coverage of the settlement amount in the Purdy case. National Union had presented some materials supporting its contention that it was merely conducting inquiries respecting the Purdy matter and that it was not in a position to make a coverage decision because Scot Lad failed to provide relevant information. Scot Lad argues in its present motion that we were mistaken, and that a formal claim for coverage on the Purdy suit was presented to National Union as early as November 1982. Affidavit of Sydney Lilly ("Lilly Aff."), ¶ 2: Affidavit of Robert Stewart ("Stewart Aff."), ¶ 6. The Purdy suit was filed in October 1982 and Scot Lad's Board of Directors authorized settlement in March 1985. It now appears that there is a genuine factual dispute concerning the nature and significance of the communications between Scot Lad and National Union during the intervening period.

■ More importantly, Scot Lad has submitted additional evidence regarding National Union's purported waiver. Sydney Lilly states that in a telephone conference he held with Jack Swanston, Executive Vice-President of National Union, during the first week of December 1984, Swanston said that he recommended to National Union that it not assert denial of coverage under the explicit exclusion in the insurance application. Lilly Aff., ¶ 3.[6] Furthermore, again according to Lilly, Swanston represented that either he or National Union's lawyers would send Lilly a written confirmation of the decision not to enforce the exclusion. *Id.* The Wildman letter followed this telephone conference, and Scot

---

6. This is confirmed in Stewart's affidavit, Stewart Aff., ¶ 11, although Stewart states that Swanston made this agreement with Lilly, and there is no indication of personal knowledge on Stewart's part. Accordingly, this affidavit is incompetent as to Swanston's statements. *See* Fed.R. Civ.P. 56(e).

Lad contends that this letter "confirmed" what was more specifically stated by Swanston on the telephone. Lilly also states that he and Scot Lad's counsel, Gary Friedman, met with Wildman in New York on December 17, 1984, and that during this meeting, Wildman stated *several* times that National Union was not contesting coverage under the policy. Lilly Aff., ¶ 6. Measured against the earlier documentary submissions provided to the Court by Scot Lad, these new affidavits substantially bolster the basis for a reasonable inference that National Union's authorized representatives acted in a manner which might constitute a waiver.

Waiver of an exclusion from insurance coverage requires an affirmative act by the insurer consisting of the intentional relinquishment of a known right. *Western Casualty & Surety Co. v. Brochu,* 105 Ill.2d 486, 499, 86 Ill.Dec. 493, 499, 475 N.E.2d 872, 878 (1985). Furthermore, the terms and conditions in an application for insurance may be waived by the insurer. 16B J.A. Appleman & J. Appleman, *Insurance Law and Practice* § 9083 (1981). The supplementary exhibits provided by Scot Lad in its present motion indicate that there are sufficient disputed fact issues which are material to its allegations of waiver. As the moving party, National Union bears the burden of clearly establishing the absence of a triable fact issue, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), and it has failed to meet that burden in light of the representations in Lilly's affidavit.[7] Furthermore, it is now unclear at what point a formal claim for coverage was made by Scot Lad. The issue of whether National Union was intentionally relinquishing a known right may turn on the question of when that right was first asserted.

Furthermore, there is additional evidence of reliance on the part of Scot Lad in conjunction with the purported direct representations of National Union that it would not enforce the policy exclusion contained in the application form. Although Scot Lad does not disagree that National Union was disputing both the liability for and amount of coverage for reasons *other than* the policy exclusion, it maintains that its representatives relied on National Union's assertions foregoing the right to enforce that exclusion in settling the Purdy suit. Lilly Aff., ¶ 8. Estoppel, as distinguished from waiver, arises by operation of law to abate the rights and privileges of an insurer where it would be inequitable to permit their assertion because of some prejudicial reliance of the insured upon some act, conduct or failure to act by the insurer. *Western Casualty,* 105 Ill.2d at 500, 86 Ill.Dec. 500, 475 N.E.2d at 879. Although National Union has countervailing evidence regarding its conduct and the nature of the "claim" which Scot Lad purportedly made in 1982, it is our view that Scot Lad has now come forward with materials sufficient to raise a genuine issue of a fact material to the outcome of this litigation, (i.e., the conduct of National Union's representatives with respect to the policy exclusion). Because there is now evidence in the record that an affirmative representation was made by National Union upon which a reasonable person might rely in assuming insurance coverage, summary judgment would be inappropriate. If, after discovery is completed, National Union can demonstrate the absence of a triable fact issue on these matters, *Celotex,* 477 U.S. at ——, 106 S.Ct. at 2553, it may renew its summary judgment motion. We abide by our earlier holding that the insurance contract itself, incorporating the terms of the application, excluded coverage for the Purdy matter. Thus, the only manner in which Scot Lad may prevail at this stage of the litigation is if it can successfully prove its waiver or estoppel claims.

As a final matter, we grant National Union's motion to dismiss Count I, for the bad faith refusal to settle an insurance claim, for the reasons set forth in our origi-

---

7. We maintain, however, that the Wildman letter *by itself* cannot in any manner be construed as a legally operative waiver. *See* 635 F.Supp. at 64.

nal opinion at footnote 6. 635 F.Supp. 60, 65 n. 6 (N.D.Ill.1986).

### III. CONCLUSION

For the reasons set forth in this opinion, Scot Lad's motion to vacate the judgment pursuant to Fed.R.Civ.P. 59(e) is granted and we hereby reinstate this cause as to Count II, the breach of contract claim. Our earlier opinion, 635 F.Supp. 60, is vacated to the extent that it is inconsistent with today's ruling. Furthermore, upon reconsideration of National Union's motion for summary judgment (converted from its motion to dismiss pursuant to Rule 12(b)(6) ), we hereby deny that motion with respect to Count II. The parties are to appear at a status conference on March 10, 1986, at 10:00 a.m. in order to set a schedule for the completion of discovery. Scot Lad's objection to National Union's filing of a supplemental response to the present motion is hereby denied. It is so ordered.