Eraine BEEMAN, George Kunges, Amourette Kunges, John Shields and Loraine Shields, Plaintiffs-Appellants,

v.

Robert OLSON, Commissioner of the Bureau of Reclamation; David Houston, Regional Director of the Mid-Pacific Regional Office, Bureau of Reclamation; Douglas Olson, Project Manager of the Field Office-LaHontan Basin, Bureau of Reclamation; Max Peterson, Chief of the Forest Service, United States Department of Agriculture; Zane Smith, Regional Forester, United States Department of Agriculture; William Morgan, Supervisor, Lake Tahoe Management Unit, United States Department of Agriculture, Defendants-Appellees.

No. 86–2303.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1987.

Decided Sept. 25, 1987.

Tamara Dahn, Sacramento, Cal., for plaintiffs-appellants.

Maria A. Iizuka, Washington, D.C., for defendants-appellees.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Eraine Beeman and several other residents of the Tahoe City Trailer Park (appellants) filed suit in California state court on January 29, 1985 against six federal officers in their official capacities. No state or local official or agency was sued. Appellants alleged that they were being improperly evicted from their trailer homes in the Tahoe City Trailer Park. The Park is located on federal land. Appellants sought compensation under federal and state law.

On February 11, 1985 the government removed the case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1442(a)(1). The district court granted summary judgment in favor of the government on claims brought by the appellants under state law, and dismissed the appellants' federal claims for lack of subject matter jurisdiction.

## DISCUSSION

The only defendants in this case are the federal officers, each of whom was alleged to have been acting in his official capacity. United States officials, while acting in their official capacities, enjoy sovereign immunity, and a state court may not entertain an action against them unless their immunity has been waived by consenting to suit or unless the official has exceeded his statutory or constitutional authority. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Aminoil U.S.A., Inc. v. California State Water Resources Control Board*, 674 F.2d 1227, 1233 (9th Cir.1982). Neither exception applies here. Thus, the state court lacked subject matter jurisdiction.

At the time this case was filed in state court, a federal court was without jurisdiction over a suit removed to it from state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1938); *Dyer v. Greif Bros., Inc.*, 766 F.2d 398, 399 (9th Cir.1985); *Aminoil*, 674 F.2d at 1232. This rule was changed for cases commenced after June 19, 1986, the date 28 U.S.C. § 1441, titled "Actions Removable Generally" was amended. Section 1441(e) now provides:

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

This amendment does not apply to the present case, however, because this action was commenced in California state court on January 29, 1985, prior to the enactment of the amendment. *See* Pub.L. 99–336 § 3(b) ("The amendment made by this section shall apply with respect to claims in civil actions commenced in State courts on or after the date of the enactment of this section."); *see also Bradley, Arant, Rose & White v. United States*, 802 F.2d 1323, 1325 (11th Cir.1986) (applying pre-amendment rule to case decided after, but commenced prior to, enactment of the amendment, without explicitly discussing amendment); *Federal Land Bank of Omaha v. Duschen Farms, Inc.*, 650 F.Supp. 729, 732 (N.D.Iowa 1986) (applying pre-amendment rule to case decided after, but commenced prior to, enactment of the amendment, noting "that new 28 U.S.C. § 1441(e) is inapplicable since this action was commenced before June 19, 1986.").

## CONCLUSION

The state court from which this case was removed lacked subject matter jurisdiction. The case was commenced in state court prior to the amendment to 28 U.S.C. § 1441. The new rule for removal jurisdiction prescribed by section 1441(e) does not apply to this case. The judgment of the

district court, therefore, is vacated in its entirety, and this case is remanded to the district court with instructions to dismiss it for lack of subject matter jurisdiction.

VACATED and REMANDED.