**GREENE & KELLOGG, INC.**

v.

**OXFORD HOSPITAL, INC.**

**and**

**Kensington Hospital, Inc.**

**Civ. A. No. 87–5416.**

United States District Court, E.D. Pennsylvania.

Jan. 9, 1989.

Gregory John Hannon, Philadelphia, Pa., for plaintiff.

Henry I. Langsam, Philadelphia, Pa., David T. Rammler, for defendants.

## MEMORANDUM AND ORDER

HANNUM, Senior Judge.

*Background*

The plaintiff is a Delaware corporation with its principal place of business in New York. Both defendants are Pennsylvania corporations; each has its principal place of business in Pennsylvania. Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Plaintiff alleges that it provided cardio-respiratory services on the grounds of Oxford Hospital. Plaintiff further alleges that the contract for these services was breached because both defendants failed to pay for the cardio-respiratory services. Plaintiff seeks back payments, costs of this action and reasonable attorney fees, all allegedly pursuant to the contract.

On August 11, 1988, defendant Oxford Hospital ("Oxford") petitioned for Chapter Eleven bankruptcy. All proceedings against Oxford Hospital, including this action, are automatically stayed. *See* 11 U.S.C. § 362(a)(1).

Meanwhile, defendant Kensington Hospital ("Kensington") has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Kensington claims that it is in no way related to Oxford and therefore cannot be held responsible for the debt Oxford allegedly owes to the plaintiff. Plaintiff, on the other hand, has alleged that Oxford is a wholly-owned subsidiary of Kensington. *See* Amended Complaint, ¶ 17.

■ This motion is made by Kensington alone. Oxford is not involved with this motion, and could not be because of the automatic stay provisions of the Bankruptcy Code. The stay provisions do not prohibit this Court from continuing proceedings that relate only to the solvent co-defendant of a bankrupt, the solvent co-defendant being Kensington.

Therefore, the Court will rule on Kensington's motion for summary judgment, and for the reasons that follow, Kensington's motion for summary judgment will be denied.

*Discussion*

■ An automatic stay of proceedings against a bankrupt pursuant to 11 U.S.C. § 362(a)(1)[1] operates only against the bankrupt-the statute uses the term "debtor"-and not against a solvent co-defendant. *See Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541 (5th Cir.1983). *See also Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124 (4th Cir.1983) *and Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983). Furthermore, proceedings against an individual or entity related to the bankrupt are not stayed unless those proceedings would harm the bankrupt's estate. *Cf. In re Philadelphia Gold Corp.,* 56 B.R. 87 (Bankr.E.D.Pa.1985) (motion to enjoin state court action against bankrupt's principal shareholder denied).

---

1. 11 U.S.C. § 362(a)(1) provides:
   (a) Except, as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this tile, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of-
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
   None of the exceptions listed in the statute apply in the present case.

So, whether or not Kensington is related to Oxford, the Court may rule on Kensington's motion. In fact, the question of the relationship between the two precludes the Court from granting Kensington's motion. Kensington has submitted an affidavit from Walter G. Wyatt, Jr., its Chief Financial Officer. Mr. Wyatt states that Oxford is not, nor has ever been, a subsidiary of Kensington. He further states that neither of the two defendant hospitals own any interest in the other.

Conversely, plaintiff has submitted the deposition testimony of Miss Eileen Hause, Chief Administrative Officer of Oxford. She states that accounting personnel at Kensington prepared monthly financial statements for Oxford. In response to a question about the defendant hospitals' relationship, she said, "Both hospitals are owned by—I really do not know the relationship." She also stated that Mr. Paul Wyatt prepared the monthly financial statements for Oxford while he was working at Kensington.

■ From the present record, the relationship between Kensington and Oxford, if any, is quite unclear. It certainly is too unclear for the Court to declare at this juncture that Kensington is not liable. Kensington essentially seeks that determination with its motion for summary judgment. Fed.R.Civ.P. 56(c) provides: "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The relationship between Oxford and Kensington is certainly a fact material to this litigation. The present record does not define the relationship. Therefore, the Court cannot grant a summary judgment to Kensington on the basis that there is no such relationship. Such a ruling would contravene both the language and purpose of Rule 56.