In re Sam **ALBERTO**, Debtor.

**Bankruptcy No. 90 B 06367.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 28, 1990.

Max Chill and Steven R. Radtke, Chill, Chill & Radtke, P.C., Chicago, Ill., for Sam Alberto, debtor.

Michael L. Weissman, Foley & Lardner, Chicago, Ill., for CIT Group/Equipment Financing, Inc.

---

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of CIT Group/Equipment Financing, Inc. ("CIT") for reconsideration, or in the alternative, to vacate and defer the holding of the Court's Memorandum Opinion and Order dated October 12, 1990, finding that CIT willfully violated 11 U.S.C. § 362. For the reasons stated below, the motion is denied.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

All the relevant facts and background are contained in an earlier Opinion. *See In re Alberto*, 119 B.R. 985 (Bankr.N.D.Ill. 1990). In that decision, the Court ruled, *inter alia*, that CIT willfully violated the automatic stay imposed by section 362. The Order and Opinion were entered on the docket on October 17, 1990, and accordingly became effective that date pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021. The motion at bar was served on October 26, 1990, within ten days after entry of the Order and Opinion.

## III. ARGUMENTS OF THE PARTIES

CIT first argues that the Court did not specify the precise conduct violative of section 362. Rather, CIT alleges that the Court referenced the allegations made by the Debtor which included CIT's undisputed post-petition actions taken in a pending district court lawsuit to cite in third parties, obtain a *nunc pro tunc* order concerning prior orders transferring the Debtor's interest in certain property, and seeking Rule 11 sanctions against the Debtor and one of his attorneys. CIT contends that the third party citations were not directed against the Debtor or his estate, were conducted under the supervision of the district court, and *nunc pro tunc* orders merely formalize earlier actions and thus do not violate section 362. Next, CIT asserts that the sanctions were directed at the post-petition Debtor and not the estate, and hence were not violative of section 362(a)(3). The Rule 11 sanctions involved post-petition conduct of the Debtor and his attorney, thus not violating either section 362(a)(1) or (2) because those sections concern only claims or judgments existing prior to the commencement of the bankruptcy. Finally, CIT contends that the Opinion implicitly finds that the disputed property interest over which the Debtor and CIT are also litigating in the Seventh Circuit Court of Appeals is property of the Debtor's estate pursuant to section 541. Thus, CIT concludes that a portion of the Opinion should be vacated for the following reasons: (1) the pending appeal; (2) the conflict that such implicit finding may create; and (3) the interests of judicial economy and efficiency.

The Debtor opposes the relief sought on several grounds. First, the Debtor argues that CIT's actions taken in the district court and that court's post-petition rulings do not insulate CIT from violations of the automatic stay. Second, the Debtor contends that CIT has shown no change in the law, newly discovered evidence, or factual or legal error warranting the relief sought. Last, the Debtor contends that CIT's alleged reasons stated for pursuing the third party citation proceedings are at odds with its statements on that subject made to the district court.

## IV. DISCUSSION

### A. FEDERAL RULE OF CIVIL PROCEDURE 59

As a preliminary point, under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, there is no such pleading as a "motion to reconsider", except pursuant to Bankruptcy Rule 3008 with respect to reconsideration of orders allowing or disallowing claims against the estate, not applicable to this matter. Moreover, the local rules do

not authorize such a motion. The appropriate procedure is to file a motion to alter or amend the judgment. The Seventh Circuit Court of Appeals has directed district courts to treat all substantive post-judgment motions filed within ten days of judgment under Rule 59. Accordingly, the instant motion will be treated as filed under Federal Rule of Bankruptcy Procedure 9023, incorporating Federal Rule of Civil Procedure 59(e) by reference. *See Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986).

Rule 59 provides a procedure whereby the Court can correct manifest errors of law or fact, or consider the import of newly discovered evidence. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985); *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir.1984); *F/H Industries, Inc. v. Nat. Union Fire Ins. Co.,* 116 F.R.D. 224, 226 (N.D.Ill.1987). The function of a motion made pursuant to Rule 59(e) is not to serve as a vehicle to relitigate old matters or present the case under a new theory. *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986); *Evans Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D. Ill.1976). The Court finds that CIT has failed to proffer any newly discovered evidence and has failed to demonstrate any manifest errors made in law or fact.

### B. 11 U.S.C. § 362

■ CIT contends that the third party, post-petition citation proceedings were not directed at the Debtor, had no impact on the estate, and thus, did not violate the automatic stay. CIT cites *Greene & Kellogg, Inc. v. Oxford Hospital, Inc.,* 95 B.R. 26 (E.D.Pa.1989) in support of this proposition. The Court, however, is not bound by such authority. On the contrary, the Court is constrained to follow the authority from this district which notes that attempts to collect a scheduled debt in another forum are impermissible. *See In re Ellis,* 66 B.R. 821, 823 (N.D.Ill.1986). More importantly, the Court is obliged to follow the view stated in *In re Vitreous Steel Products Co.,* 911 F.2d 1223, 1231 (7th Cir.1990) which notes: "[t]he automatic stay prevents all pre-petition creditors from taking *any* action to collect their debts" (emphasis added). This literal approach comports with the broad scope of section 362.

This view is not unique. Many courts hold that a willful violation of the automatic stay exists when the creditor knew of the pendency of the bankruptcy case and the automatic stay, but proceeded to collect its claim. A creditor's subjective good faith is irrelevant. *See In re Bloom,* 875 F.2d 224 (9th Cir.1989). It is disingenuous to suggest that any of CIT's post-petition actions in the district court were not in pursuance of collecting its judgment against the Debtor. After all, the citation proceedings which CIT instituted pursuant to Ill.Rev. Stat. ch. 110, § 2–1402 and ch. 110A, Rule 277, incorporated by reference through Federal Rule of Civil Procedure 69(a), are supplementary proceedings to enforce a judgment. CIT had a pre-petition judgment against the Debtor, and it received additional relief post-judgment. CIT had no judgment against the third parties it cited in post-petition. Its post-petition actions were taken incidental to its efforts to fully collect and satisfy its judgment against the Debtor. The district court's orders did not purport to modify the stay. Neither did such orders insulate CIT's actions taken in procuring same, absent a modification of the stay.

Section 362(a)(1) in pertinent part, stays the continuation of a judicial proceeding that was commenced before the commencement of the case under this title, to recover a claim against the debtor that arose before the commencement of the case. Section 362(a)(2) stays enforcement against the debtor, or property of the estate of a pre-petition judgment. Section 362(a)(3) stays any act regarding property of the estate. Section 362(a)(4) stays any act to perfect or enforce any lien against property of the estate. Section 362(a)(5) similarly stays any act to perfect or enforce any lien against property of the debtor to the extent such lien secures a pre-petition lien. Section 362(a)(6) stays any act to collect or recover a pre-petition claim against the debtor.

CIT next relies on *State of Oregon v. Loe,* 65 B.R. 16 (D.Ore.1986). The Court declines, under the facts in this case, to follow the view of the Oregon District Court that a *nunc pro tunc* order does not violate section 362 because it merely formalizes an earlier action. *Loe* only discussed section 362(a)(1), not the other provisions of 362(a)(2)–(6). Taken to its logical conclusion, such argument would allow any post-petition order by another court to be entered, absent proper prior modification of the stay by the bankruptcy court, merely by prevailing upon the issuing court to label the action taken post-petition "now for then." If a party desires to support an order entered pre-petition that needed something corrected therein from when initially entered, the more appropriate procedure is to first obtain modification of the stay. The potential for eviscerating the intent and effect of section 362 by the *nunc pro tunc* concept is great, and the resultant harm to debtors severe, with attendant potential disruption of the reorganization or fresh start efforts.

Section 362 contains no statutory exceptions for *nunc pro tunc* orders, yet numerous exceptions to the stay have been legislatively created by section 362(b)(1)–(13). If Congress intended all *nunc pro tunc* orders to be excepted from the stay, it could have easily drafted an appropriate exception. The Court is of the opinion that the views articulated in *Vitreous Steel Products* and *Ellis* are well-founded, within the letter and spirit of section 362, and controlling. Even if CIT's actions in obtaining Rule 11 sanctions against the Debtor for his post-petition conduct are not violative of the stay, its actions to otherwise enforce its judgment constitute proscribed conduct.

CIT's last argument is equally unavailing. There is no finding whatsoever, explicit or implicit, that the beneficial interest in the land trust holding title to the Laflin property constitutes property of the estate. CIT failed to provide reference to any portion of the Opinion so holding, and thus, reads more between the lines than exists. It is undisputed, however, that the Debtor had a possessory interest in the underlying real estate or the rentals therefrom at the time the petition was filed, which could appear to be property of the estate pursuant to section 541.

At one or more previous hearings, the Court clearly stated that such determination of the interests in the property could only be made within the confines of a separate adversary proceeding filed in accordance with Bankruptcy Rule 7001(2). Subsequently, in accordance with such direction, an adversary proceeding was filed to determine such interests and liens in the property, and cross motions for summary judgment on that issue are in the process of being briefed. As a result, that issue has not yet been determined. The Court's finding that CIT violated the stay of section 362 has no bearing on whether CIT or the Debtor owns the beneficial interest in the subject land trust. Thus, no potential conflict exists between the Opinion and the pending appeal which includes as an issue the matter of who owns the beneficial interest in the land trust. Accordingly, no cause exists to vacate or defer ruling on any portion of the Order or Opinion. CIT has not proffered any new evidence not previously available, nor shown any error of fact or law. Moreover, the controlling law has not changed. Hence, no different result is mandated.

## V. CONCLUSION

For the foregoing reasons, the Court hereby denies CIT's motion for reconsideration or, in the alternative, to vacate and defer the holding of its Memorandum Opinion and Order.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.