**MARS STEEL CORPORATION, An Illinois Corporation, Individually and as a Representative of a Class of Similarly Situated Persons, Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.**

**No. 85 C 1456.**

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1988.

Harold Rosen, Wolfin & Rosen, Chicago, Ill., for plaintiff.

Leen N. Abrams, Tyrone C. Fahner, Howard J. Roin, Ann Gales, Mayer Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Currently before the Court are the motions of Mars Steel Corporation, class plaintiffs, and defendant Continental Illinois National Bank and Trust Company of Chicago ("Continental") for sanctions and attorneys' fees under Federal Rule of Civil Procedure 11 and/or 28 U.S.C. § 1927 (1982) against William Tunney and his attorneys Edward Joyce, Peter Carey and Steven Rotunno of the law firm of Joyce and Kubasiak. For the reasons noted below, we reluctantly deny the motion for sanctions under Rule 11 in part and deny the motion for attorneys' fees and costs under § 1927. Mindful of Judge Easterbrook's entomological admonition that "[a] serious Rule 11 motion is not a gnat to be brushed off with the back of the hand," *Szabo Food Service, Inc. v. Canteen*, 823 F.2d 1073, 1084 (7th Cir.1987), we set forth the following explanation for our decision in this case.

### I

In 1983, the law firm of Joyce and Kubasiak ("J & K") filed *Tunney v. Continental Illinois National Bank* in state court. In 1985, class representative in this case Mars Steel Corporation ("Mars Steel") sued Continental in this Court. Early in 1986, J & K offered a settlement to Continental which Continental rejected. Shortly after that, Continental arrived at a settlement in this case with Mars Steel. As soon as J & K attorneys found out that Continental and Mars had settled, they moved to specially appear in this case on June 20, 1986. J & K filed a number of motions challenging the settlement process and the settlement. We denied every motion filed by J & K except for two motions to file a brief in excess of 15 pages, a motion to conduct limited discovery before the fairness hearings and a motion for leave to submit a corrected page. Despite J & K's flurry of activity, the resolution of this class action was only marginally delayed,

and on November 5, 1986, we entered the Final Order approving the class settlement.

## II

Continental and Mars seek sanctions and attorneys' fees under two grounds. First, against William Tunney and his attorneys J & K under Fed.R.Civ.P. 11 for their filing motions that were not well grounded in fact or warranted by existing law and/or interposed for the improper purpose of protecting J & K's attorneys' fees request in the state action. Secondly, under 28 U.S.C. § 1927 against J & K for unreasonably and vexatiously multiplying this proceeding.

■ Sanctions under Rule 11 are mandatory; accordingly, if we find a violation of Rule 11, we must impose an appropriate sanction. *Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1433 (7th Cir.1987). There are two alternative grounds under Rule 11 for assessing sanctions in this case. First, we must assess sanctions, if any of the motions filed by J & K were not well grounded in fact and warranted by existing law. Secondly, we must impose sanctions if we find the motions were interposed for an improper purpose.

■ The Seventh Circuit has indicated that " 'the fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.' " *Brown,* 830 F.2d at 1434 n. 2. Continental and Mars argue that nine specific motions J & K brought are frivolous. However, as many of these motions raise legal issues considered by the Seventh Circuit on appeal, *see Mars Steel Corporation v. Continental Illinois,* 834 F.2d 677 (7th Cir.1987), and the Seventh Circuit did not find the arguments frivolous, although we may be sympathetic to some of movants' contentions, we do not see how we can find them frivolous at this stage. Additionally, even if these motions contained some frivolous arguments along with the non-frivolous arguments, the Seventh Circuit has indicated the motion itself must be frivolous. The fact that two frivolous arguments are made along with one non-frivolous argument does not automatically mean the motion is frivolous. It may ·be evidence that it was interposed for an improper purpose, another issue, but that does not contaminate the entire motion as frivolous. Additionally, with the exception of the "Motion for Rule to Show Cause" [1] and the motion to strike affidavits [2] we do

---

1. Our July 22, 1986 Order, which preliminarily approved the proposed settlement, provided for the mailing and publication of the class notice on or before August 1, 1986. Shortly after the July 22 Order was entered, J & K moved for reconsideration. J & K, however, did not seek a stay of any part of the July 22 Order, and we did not stay the Order *sua sponte.* In compliance with the terms of the July 22 Order, Continental issued both the mailed and published class notices on or about August 1, 1986. J & K then filed a motion to show cause why Continental and Mars should not be held in contempt of court for violating "the Order of this Court." There was, of course, no order of this Court that had been violated. Accordingly, we denied the motion in a minute order without comment. J & K should have filed a motion to stay or a motion for clarification as they now suggest Continental should have filed. Accordingly, the motion to show cause was not well grounded in fact nor warranted by existing law.

2. Prior to the fairness hearing, the Court ruled in open court that it would allow the use of affidavits in the fairness hearing. J & K's objection was noted and preserved. However, after the fairness hearing J & K filed a motion to strike the affidavits filed by Continental and Mars. J & K now contends that the objection to the use of the affidavits changed, thereby trying to justify the filing of the written motion after we denied the oral motion. However, their alleged justification for the written motion is frivolous in light of the well-settled rule that "it is within the Court's discretion to limit [a fairness] hearing to whatever is necessary to aid it in reaching an informed, just and reasoned decision," including the use of affidavits. *Glicken v. Bradford,* 35 F.R.D. 144, 148 (S.D.N.Y.1964); 11 *Newberg on Class Actions* § 11.56 at 476. J & K argue that because the affiants were going to testify along with the submission of the affidavits, that the affidavits were inadmissible hearsay. Fed.R.Evid. 801(c). However, whether the affiants testified or not, the affidavits would be hearsay. Accordingly, this argument should have been raised in its oral motion. Secondly, obviously the rule that a judge has discretion to use affidavits in a fairness hearing obviously supersedes the hearsay rule in that limited context as an affidavit, whether or not someone testifies, is hearsay. Accordingly, we find that the motion to strike affidavits was not well

not find that a substantial number of the arguments made in each of these motions were frivolous. There were frivolous arguments in each motion, but we do not think the cumulative effect allows a finding that a particular motion was not well grounded in fact and warranted by existing law. Rule 11 refers to each motion, not a cumulative effect. The cumulative effect argument is better suited to the improper purpose prong of Rule 11 or § 1927. Accordingly, we find that J & K did not violate the first prong of Rule 11 by filing the motions Continental specifically objects to other than the Rule to Show Cause and the motion to strike affidavits. (*See* Memorandum in Support, III A–I). As to these two motions, we find they were not well grounded in fact nor warranted by law. Accordingly, we direct Mars and Continental to file a verified petition of fees and costs detailing their reasonable expenses incurred in responding to these two frivolous motions. The verified fee petition shall be filed within twenty-one days of this order. In determining the amount of the sanction, we will consider the equitable factors set forth in *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1439 (7th Cir.1987).

Alternately, Continental and Mars seek imposition of sanctions and attorneys' fees from J & K under the second prong of Rule 11, improper purpose, and under 28 U.S.C. § 1927 for their pattern of vexatious behavior. Continental and Mars argue that J & K interposed all of the motions in this case solely to preclude a class settlement unless Continental paid J & K the 1.25 million dollars J & K sought in attorneys' fees in the state court class action. Continental and Mars raise a number of facts from which they contend we should infer an improper motive on the part of J & K.

■ First, Continental alleges that "J & K's repeated assertion of previously-rejected arguments demonstrates a pattern of vexatiousness that warrants the imposition of sanctions." Continental in its motion lists sixteen different arguments and how often they were made, ranging from two

grounded in fact nor warranted under existing

times to seven times. In this particular case, we do not think the mere repetition of arguments justifies the inference of bad faith.

This is not a case where in open court we ruled on merits of the particular argument, *see, e.g., Northern Trust Co. v. Muller*, 616 F.Supp. 788, 790 (N.D.Ill.1985), or where we issued a written opinion explaining the reason for each denial. Instead, with the exception of Tunney and Weisbrook's objections to the preliminary approval of the settlement, we denied the motions filed by J & K in minute orders with comment. Accordingly, we decline to reach the inference of bad faith suggested by Mars and Continental merely upon the basis of these repetitious arguments.

■ Continental and Mars next argue that J & K's approach to discovery is the most egregious example of its vexatiousness. We again decline to extrapolate from J & K's discovery requests a bad faith motive to *all* of its actions in this case. J & K sought the discovery because they thought it would have shown the settlement lacked merit. They made this argument on appeal, and, although the Seventh Circuit affirmed this Court under an abuse of discretion standard, the Seventh Circuit treated the argument seriously. If the discovery requests were improper by themselves, Fed.R.Civ.P. 26(c) and 37(a)(4) provide an adequate remedy. Although expenses may have been recovered under Rule 26(c) and 37(a)(4) upon motion, it does not mean *all* of the actions taken in this case were taken for an improper purpose.

Finally, Continental and Mars contend that because Magistrate Balog found that there was not "one colorable indicia in the record that any of the 140 loans ... were 90 day loans made under" the private rate definition at the center of this dispute, J & K had no rational basis for objecting to the settlement of the claim. However, the test for impositions of sanctions is whether a reasonable prefiling inquiry would have revealed that J & K's position was not well grounded in fact. We fail to draw the

law.

connection between the magistrate's ultimate conclusion of fact and the lack of reasonable inquiry sufficient to impute an improper purpose to all of J & K's actions.

█ Finally, we look at the cumulative effect of J & K's actions taken in this action. Although their actions may have frustrated Mars and Continental and this Court, the comments of the Seventh Circuit would appear to preclude the finding of sanctions:

> [o]rdinarily the named plaintiffs [in a class action] are nominees, indeed pawns, of the lawyer, and ordinarily the unnamed class members have individually too little at stake to spend time monitoring the lawyer—and their only coordination is through him. *One solution, illustrated by the events narrated above, is competition by other lawyers to represent the class.* It is only a partial solution, because a lawyer may be able to obtain a large fee not just by outbidding another class lawyer but, alternatively, by "selling out" the class....

*Mars Steel*, 834 F.2d at 681.[3] But for the seventh Circuit's apparent approval of J & K's actions in this case, we would find the inference of improper purpose based on the cumulative effect of their actions. We are, however, constrained by the Seventh Circuit's apparent blessing.[4] Accordingly, we cannot infer a bad faith motive solely on the basis of J & K's actions taken in this case or that J & K's actions unreasonably and vexatiously multiplied the proceedings in this action sufficient to award costs and attorneys' fees under § 1927.

### Conclusion

Although the motions filed by J & K may very well have bordered on the frivolous, with the exception of the Rule to Show Cause and the motion to strike affidavits, they did not cross the Seventh Circuit's threshold requirements for a finding of frivolousness. As to the two motions which are clearly frivolous, we find that there were filed in violation of Rule 11 and we therefore direct Mars and Continental to file a verified petition for fees reasonably incurred in responding to the two frivolous motions within twenty-one days of this order so that we may determine the amount of the sanction. Finally, in spite of the questionable conduct on the part of J & K, we are constrained by the Seventh Circuit's comments and decline to find that all of the actions taken by J & K in this case were taken for the improper purpose of garnering attorneys' fees in the state court class action or in order to unreasonably and vexatiously multiply the proceedings in this action. However, we do retain jurisdiction for a renewed motion for sanctions should the state court find J & K's actions in its court were improper. Accordingly, we allow in part and deny in part, as explained forth herein, Continental and Mars' motions for sanctions under Rule 11, and deny their motions for attorneys' fees and costs pursuant to 28 U.S.C. § 1927. It is so ordered.

---

**3.** As the Seventh Circuit stated, when class certification is deferred until a settlement is negotiated, a more careful scrutiny of the fairness of the settlement is required. *Mars Steel,* 834 F.2d at 681. The parties in this action may have avoided a great deal of the grief they felt imposed upon them by Tunney's counsel by seeking class certification first and negotiating the settlement after that. If the very same actions were taken by J & K in that situation, we would not hesitate to infer a bad faith motive. This, of course, is not the situation in the present case, especially in light of Judge Posner's comment that competing lawyers in class actions help insure the fairness of a particular class action settlement. *Id.*

**4.** Mars in its reply memorandum in support of sanctions suggests that "[t]he history of improper fee demands [made by J & K in state court], combined with their conduct in the case at bar, demonstrate that [J & K] lawyers manipulated their clients and acted without reasonable cause due to their improper pursuit of fees." However, we hesitate to label J & K's actions in state court "improper." If J & K's actions in state court were improper, then that should be decided by the state court judge. The existence of a state court ruling that J & K's actions in state court were improper coupled with their actions in this case may give rise to the inference of bad faith. This has not, of course, occurred, and, accordingly, we decline to draw the inference of bad faith on this basis. We do, however, retain jurisdiction to review a renewed motion for sanctions on this basis should the state court issue a decision finding that J & K's actions in state court were improper.