In re Delores ALLEN, Debtor.

Delores ALLEN, Plaintiff,

v.

INTERNAL REVENUE SERVICE and Internal Revenue Service Agent, Diane Morrow, Defendants.

Bankruptcy No. 86–03118–BKC–J13
Adv. No. 87–0034–BKC–J13.

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 16, 1988.

Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., for defendants.

Eileen Voss, St. Louis, Mo., trustee.

Richard R. Veit, Veit & Eastman, Florissant, Mo., for plaintiff/debtor.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The matter is before the Court upon the Debtor's complaint against the United States Internal Revenue Service (IRS) requesting an order restraining further direct or indirect collection activity; requesting an order directing the IRS to turnover certain monies to the Chapter 13 Trustee; requesting that the IRS claim be disallowed in the Chapter 13 case; requesting a money judgment against the IRS and one of its agents in the amount of $25,000.00 actual damages and $100,000.00 punitive damages plus attorneys fees; requesting a citation for contempt; and requesting that an attorney be appointed to prosecute the IRS and one of its agents for criminal contempt. Although the original complaint did not set forth a jurisdictional basis for the requested relief, in a memorandum opposing the Defendants' motion to dismiss, the Debtor stated that this action is based upon "11 U.S.C. Section 362", presumably Section 362(h). The Government's answer admitted many of the Debtor's factual allegations, but denied that its actions damaged the Debtor's reputation and good will with her clients, or hampered the Debtor's efforts to carry out a successful Chapter 13 Plan. The case was tried to the Court and thereafter taken under submission. This Memorandum Opinion is entered upon a consideration of the record as a whole.

The following facts have been either agreed to or are not contested by the parties:

The Debtor operates a commercial and residential cleaning service known as Dee's Superior Cleaning Service. As a result of the operation of this business, Delores Allen became indebted to the IRS in the amount of $42,638.66 for taxes, penalties and interest.[1]

In August, 1986 Revenue Officer Diane Morrow initiated a taxpayer delinquency investigation of tax returns and obligations due from the Debtor. Acting in that capacity, Morrow met with Mrs. Allen and obtained information regarding the names and addresses of various clients of the cleaning service. In December, 1986, the IRS issued notices of levy to many of Mrs. Allen's clients. Several of these clients

---

1. This sum was agreed to by the parties and, thus, the Debtor's Motion to Determine Amount of Tax is moot. An appropriate Order shall enter on that Motion.

subsequently paid over to the IRS monies which were owed the Debtor. Other clients made payment to the IRS instead of the Debtor for services thereafter performed.

On December 15, 1986, the Debtor's petition for relief under Chapter 13 of the Bankruptcy Code was filed. On January 14, 1987, the Debtor filed her Chapter 13 Statement with this Court. Notice of the filing was sent to all creditors including the IRS on January 27, 1987.

On December 17, 1986, the Debtor's attorney mailed a copy of the Bankruptcy Petition to Ms. Morrow. The letter was addressed to a downtown St. Louis office of the IRS and not to the suburban office where Morrow was located. Morrow testified she was unfamiliar with the letter.

The Service did not notify Morrow of the December 17, 1986 letter, even though she was the agent assigned to investigate and collect the Debtor's tax obligation. Subsequent to the date of the attorney's letter, liens continued to be prepared and filed against the Debtor. Notices of lien were prepared on December 30, 1986 and on January 9, 1987 and were subsequently filed in the St. Louis County Recorder of Deeds Office.

After the filing of the bankruptcy petition, Morrow had conversations with the clients of the Debtor. She informed them that they were to pay over to the IRS monies due the Debtor.

On January 15, 1987, Morrow, accompanied by two other IRS agents, went to Mrs. Allen's house for the purpose of levying upon her vehicle. When the Debtor showed Morrow a paper reflecting the fact that she had filed a petition in bankruptcy, Morrow and the other agents left without the vehicle.

On January 23, 1987, one of the Debtor's clients telephoned Morrow regarding a payment owed for services rendered. Morrow initially told the client that due to the pending bankruptcy petition, monies should be sent to the Debtor. Shortly thereafter, Morrow called the client back and explained that since the debt was a pre-petition obligation and since the levy was delivered pre-petition, the money could be sent to the IRS.

A Notice of Intention to Levy was sent to the Debtor by certified mail on April 13, 1987. The Notice threatened enforcement action if full payment was not made within ten (10) days. This notice was apparently computer generated as part of the collection procedures which had been begun prior to the commencement of this case. If the Service had made the proper internal distribution of the bankruptcy notice in December, 1986, the process which resulted in the Notice of Levy would have been interrupted. This action was subsequently filed.

At the hearing on this case, the Debtor's counsel withdrew his request for an Order directing turnover of all monies collected post-petition. These sums were due the IRS and any return to the Debtor would only be paid over to the IRS through the Chapter 13 Plan. Further, the parties have agreed that some of the money the IRS received was sent to the Chapter 13 Trustee.

The IRS asserted that there had been a breakdown in its standard operating procedure when the notice of this bankruptcy was received. The Revenue Officer in this case was not notified of the bankruptcy until the Debtor was confronted by the agents attempting to levy on her vehicle. This occurred almost one month after the Debtor's attorney sent a letter to the IRS with a copy of the first page of the petition attached. During this time period, two liens were filed by the IRS against the Debtor's assets.

There is no argument that the stay of 11 U.S.C. § 362 was violated. Enforcement actions were taken at a time when the IRS had notice of the filing. Even after the Service had knowledge of the filing, the Revenue Officer requested that the Debtor's clients turn over to the IRS money due the Debtor. The reason given for this action was that the debt was for pre-petition services and the levy was delivered pre-petition. This analysis reveals a lack of understanding of bankruptcy and the auto-

matic stay. Morrow testified that this was her first case involving bankruptcy.

The automatic stay is an integral part of the protections afforded debtors. This Court is very sensitive to the wrong that occurs when debtors are required to expend additional attorney fees and costs to file actions to enforce the protections provided in the Bankruptcy Code.

Pursuant to § 362(h) an individual is to recover actual damages for any "willful violation" of § 362 protections. In appropriate circumstances, punitive damages may also be assessed.

■ A willful violation may occur when a party acts with knowledge of the filing of the bankruptcy. *In Re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641 (Bkrtcy.N.D.Fla.1987). The IRS is charged with the knowledge of its agents. *In Re Santa Rosa Truck Stop Inc., supra* at 643. In this case, the IRS must be charged with knowledge of the Bankruptcy from the time of its receipt of the letter from the Debtor's attorney.

■ Under the facts presented in this case, however, the Court is unwilling to assess punitive damages. Fundamental fairness requires that for punitive damages to be imposed, the willful violation must have been deliberate. Such deliberateness has not been established here.

During the trial of this matter, the Debtor attempted to prove the loss of a substantial portion of her business as a result of the actions of the IRS.

■ The various Notices of Levy were, in large part, delivered prior to the filing of this case. Some clients may have discontinued using the Debtor's services as a result of their receipt of a pre-petition Notice of Levy. The evidence on this issue was inconclusive, however. Only acts done subsequent to the filing of the bankruptcy petition would be in violation of § 362. There was insufficient evidence here to prove damages for loss of business as a result of post-petition actions.

It is appropriate, however, for the Plaintiff to recover her costs and attorney fees incurred in prosecuting this action.

The Debtor's complaint also seeks a denial of any claim filed by the IRS, a citation for contempt and appointment of an attorney to proceed with a criminal contempt action. Such relief is inappropriate in the circumstances presented in this case, and will be denied. The Plaintiff has also requested this Court to issue an order restraining the IRS from any further direct or indirect collection activities. As the protections of 11 U.S.C. § 362 are still in effect, this relief is unnecessary. Any further violation in this case by the IRS will be dealt with appropriately given the history of this case.

By separate Order of this Court, the attorney for the Plaintiff will be required to submit an application for recovery of costs and fees for this adversary action. Said application shall be sufficiently detailed to allow this Court to review the request. The attorney for the Defendants shall be given an appropriate opportunity to respond. Thereafter, the Court will enter judgment on the case.

### ORDER

The Plaintiff's Complaint having previously come before this Court for hearing and the parties then appearing, and the matter tried to the Court and thereafter taken under submission, now, therefore, consistent with the Memorandum Opinion entered this date,

IT IS ORDERED that judgment on the Complaint be and hereby is entered against the Internal Revenue Service for the Plaintiff's reasonable attorney fees; and

That counsel for the Plaintiff is to submit to the Court an Application for recovery of costs and attorney fees incurred in this case on or before April 15, 1988 and to serve a copy upon the Government through its attorneys, as listed below; said Application to be of sufficient detail to allow review by this Court; and

IT IS FURTHER ORDERED that the Government may respond in writing to said request within fifteen (15) days after the date of service; and

IT IS FURTHER ORDERED that Plaintiff's requests in her complaint for an Order restraining the Defendants from further collection activity; disallowing the claim filed on the Government's behalf; holding the Defendants in contempt; and for an Order to appoint an attorney to prosecute the Defendants for criminal contempt be and hereby are denied for the reasons set forth in the Memorandum Opinion entered this date. By agreement of the parties, the Plaintiff's request for an Order to turnover money is deemed withdrawn.