**In re Sam ALBERTO, Debtor.**

**Bankruptcy No. 90–B–06367.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 12, 1990.

Max Chill, Steven R. Radtke, Chill, Chill & Radtke, P.C., Chicago, Ill., for Sam Alberto, debtor.

Michael L. Weissman, Foley & Lardner, Chicago, Ill., for The CIT Group/Equipment Financing, Inc.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion for imposition of sanctions under Federal Rule of Bankruptcy Procedure 9011 filed by The CIT Group/Equipment Financing, Inc. ("CIT"), against Sam Alberto (the "Debtor") and his attorneys Chill, Chill & Radtke, P.C. ("CC & R"), and the motion for an order to show cause filed by the Debtor against CIT and one of its attorneys, Michael Weissman ("Weissman"), for a finding of civil contempt and for relief under 11 U.S.C. § 362(h). For the reasons set forth herein, the Court allows both motions.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

During 1986 and 1987, certain corporations owned, controlled, operated, or managed by the Debtor entered into loan and security agreements with CIT to secure indebtedness. The Debtor unconditionally guaranteed same. As a result of

defaults under the agreements, CIT sued the Debtor on July 22, 1988 in a civil action in the United States District Court for the Northern District of Illinois ("the district court action"), which was assigned to Judge Charles R. Norgle.[1] On September 9, 1988, Judge Norgle entered an order of default against the Debtor, followed by a judgment on September 22, 1988, in favor of CIT for $522,722.44, plus interest at the judgment rate. Subsequently, CIT commenced post-judgment enforcement proceedings, which included citations to discover assets pursuant to Federal Rule of Civil Procedure 69(a) and Ill.Rev.Stat. ch. 110, para. 2–1402 and ch. 110A, para. 227 (1989). One citation was issued against the Debtor on October 4, 1988 and served the following day. His first appearance for examination was set for November 4, 1988.

A subsequent minute order was entered March 3, 1989, pursuant to which the Debtor's deposition was to be taken on or before March 14, 1989, after the Debtor produced documents by March 10, 1989. A status hearing on the citation proceeding was continued to April 7, 1989. Although not argued by the parties, but perhaps critical to the ultimate outcome of these proceedings, that day Judge Norgle entered another minute order for turnover and assignment within ninety days to CIT of any and all beneficial interest in Trust No. 1083725 ("the Land Trust") at Chicago Title & Trust Company ("CT & T") which was the trustee.[2] All other matters relating to that citation proceeding and the enforcement of the judgment were referred to a magistrate. CIT filed subsequent motions for sanctions, turnover and contempt against the Debtor before the magistrate in May and June of 1989. Thereafter, the magistrate recused himself for cause pursuant to 28 U.S.C. § 455(a) which resulted in reassignment of the case back to Judge Norgle.

On July 7, 1989, Judge Norgle again ordered the Debtor to execute and deliver to CIT an assignment of the beneficial interest in the Land Trust by July 17, 1989.

The corpus of the Land Trust includes certain real property and improvements commonly known as 2424–2554 South Laflin Avenue, Chicago, Illinois (the "Laflin property"). On July 19, 1989, Judge Norgle entered an order finding the Debtor in contempt and that good cause existed for entry of an order pursuant to Federal Rule of Civil Procedure 70, divesting the Debtor of all right, title and interest in and to the beneficial interest in the Land Trust, and vesting same in CIT. CT & T, which at that time was not a party to the post-judgment citation proceedings, was ordered to show on its records the transfer of the beneficial interest in the Land Trust from the Debtor to CIT, subject to a prior collateral assignment in favor of the Tinley Park Bank.

On October 16, 1989, an agreed order was entered by Judge Norgle purportedly resolving all post-judgment proceedings to which counsel for the Debtor, Weissman for CIT, and counsel for an intervenor, Lawndale Trust and Savings Bank ("Lawndale") all agreed. The October 16, 1989 order in relevant part, recited that according to the order of July 19, 1989, CIT was owner of the entire beneficial interest in the Land Trust, subject only to a prior collateral assignment in favor of the Tinley Park Bank. The October 16, 1989 order further recited that CIT contemplated making a private sale of the beneficial interest to A & W Partners, an entity in which the Debtor was to be a partner. The order specifically decreed that following satisfaction of CIT's judgment by the proposed assignment of the beneficial interest to A & W Partners, Lawndale's claim against the beneficial interest would be subordinated only to the prior collateral assignment in favor of Tinley Park Bank. The order also directed CT & T to take certain actions with its records to show the foregoing.

The proposed sale by CIT to A & W Partners did not occur and a motion to amend the agreed order of October 16, 1989 was filed and presented to Judge Nor-

---

1. Copies of the district court docket sheet have been furnished with the pleadings.

2. On April 17, 1989, an amended minute order dated April 13, 1989, was docketed correcting an erroneous reference in the April 7, 1989 order.

gle on July 30, 1990. Prior thereto, however, the Debtor filed a voluntary Chapter 11 petition on April 5, 1990. Apparently without dispute, the Debtor claims to be in physical possession of the Laflin property titled in the Land Trust. The Debtor has continued to manage his affairs and businesses as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. Max Chill, one of the Debtor's attorneys, was present at the July 30, 1990 hearing before Judge Norgle. He argued, among other things, that the July 7, July 19 and October 16, 1989 orders were improperly entered under the post-judgment citation proceedings because pursuant to Ill.Rev.Stat. ch. 110A, para. 277(f), they were entered more than six months after the Debtor's first appearance scheduled thereunder in November 1988. Chill asserted before the district court, as before this Court, that the district court was therefore without jurisdiction to enter these orders, and that the order Judge Norgle entered on July 30, 1990 and subsequent orders entered by him post-petition in the district court action violated the automatic stay of 11 U.S.C. § 362.

On August 2, 1990, the Debtor filed a plan and disclosure statement. Both are purportedly signed by the Debtor, but were not signed by any of the attorneys at CC & R. Under the Debtor's plan and disclosure statement, the Debtor asserts that he, not CIT, is the beneficial owner of the Laflin property titled in the Land Trust. He proposes to sell the Laflin property to his son, Tom, under certain terms and conditions,[3] with the proceeds to be used to pay allowed claims, as determined by the Court.

CIT attempted to obtain a temporary restraining order from Judge Norgle in the district court action to enjoin the Debtor from filing and presenting the plan and disclosure statement containing such provisions. Judge Norgle did not enter injunctive relief against the Debtor. However, on August 2, 1990, he assessed sanctions in the amount of $350.00 pursuant to Federal Rule of Civil Procedure 11 against the Debtor and Chill for such ownership representations concerning the beneficial interest in the Land Trust as not being an accurate and truthful representation of the status of the subject property and interests in the Land Trust. On August 7, 1990, the Debtor and Chill filed their notice of appeal from Judge Norgle's orders dated October 13, 1989, July 30, 1990 and August 2, 1990. That pending appeal apparently raises some of the same issues asserted here. To date, the Seventh Circuit has not ruled.

Objections to the adequacy of the Debtor's disclosure statement were filed by several creditors. At the September 17, 1990 hearing pursuant to 11 U.S.C. § 1125, the Court sustained the various objections to the adequacy of the original disclosure statement. The objections were sustained in part as a result of the failure to clearly reference and accurately summarize the prior orders of the district court regarding the Laflin property and the Land Trust.

CIT's Bankruptcy Rule 9011 motion was filed August 22, 1990, and the Debtor's section 362(h) motion was filed one week thereafter. The parties have briefed both motions and on September 17, 1990, each party expressly waived evidentiary hearings on the matters, rested on their respective pleadings, and the Court took same under advisement.

## III. ARGUMENTS OF THE PARTIES

### A. CIT'S RULE 9011 MOTION

CIT asserts that the Debtor's plan and disclosure statement violate Rule 9011 because Judge Norgle's orders entered in July and October 1989 divested the Debtor of any incident of ownership in the beneficial interest in the Land Trust. In addition, CIT claims the plan and disclosure statement omits complete and accurate reference to such orders and misrepresents that the Debtor, rather than CIT, owns the beneficial interest in the Land Trust, subject to the various claims against same. CIT contends that the July 30, 1990 and August 2, 1990 orders reaffirmed that finding and

---

**3.** The Debtor's plan proposes to sell the Laflin property to his son who obtained a $900,000 commitment under certain terms and conditions from Oak Brook Bank/Liberty to finance same for payment of all the allowed claims of the creditors.

one of the Debtor's counsel, Max Chill, was so advised prior to the time the plan and disclosure statement were filed.

In response thereto, the Debtor asserts that CT & T was a necessary party to the post-judgment citation proceedings, but was never timely brought into the district court litigation until July 13, 1990. Allegedly its records show the Debtor is the sole beneficiary of the Land Trust subject to the various claims against same, including CIT, Lawndale, Tinley Park Bank and others. The Debtor and its attorneys further respond that although Judge Norgle's orders in July and October, 1989 appeared absolute on their face, they were in the nature of a mortgage, and could not operate to divest the Debtor of his beneficial ownership interest. Critical to the Debtor's argument is his contention that the July and October, 1989 orders were untimely entered pursuant to the citation proceedings on dates more than six months after the Debtor's original appearance thereunder in November, 1988. This argument postulates that all such orders by Judge Norgle were therefore void because of a lack of jurisdiction. Additionally, the Debtor contends that due to the fact that A & W Partners was never created to complete the contemplated assignment from CIT (referenced in the agreed order of October 19, 1989), the proposed sale was never consummated, and the beneficial interest was never transferred or otherwise conveyed to or by CIT. Thus, the Debtor concludes that he retains the ownership rights to the beneficial interest in the Land Trust. It is noteworthy that neither party discusses the significance or effect of the April 1989 minute orders purportedly ordering transfer and turnover of the beneficial interest in the Land Trust from the Debtor to CIT within ninety days. Such orders appear to have been entered and docketed within the applicable six months limitation period of Ill.Rev.Stat. ch. 110A, para. 277(f) (1989). CIT replies that the October 12, 1989 order was consented to and approved by the Debtor's then counsel. CIT asserts the district court never lost jurisdiction and therefore, Judge Norgle's orders are effective. Moreover, CIT states that Judge Norgle found the plan and disclosure statement to be violative of Rule 11. Hence, the filing of same in these proceedings violates the Bankruptcy Rule counterpart, Rule 9011.

## B. THE DEBTOR'S SECTION 362(h) MOTION

The Debtor asserts that at all times Weissman was CIT's attorney and aware that the Debtor filed a Chapter 11 petition on April 5, 1990, which created a bankruptcy estate under section 541. The Debtor contends that this estate includes his alleged possessory interest in the Laflin property. Both CIT and Weissman were automatically stayed from further proceeding post-petition with the district court action pursuant to section 362(a)(1), (3) and (6). The Debtor argues that Weissman and CIT first violated the automatic stay by pursuing the district court action on July 13, 1990, by citing in CT & T to the district court action. Second, the Debtor claims that the automatic stay was further violated when CIT and Weissman prevailed on the district court to enter the order of July 30, 1990, over the Debtor's objection, prompting the Debtor's appeal of the entry of that order and the October 1989 order to the Seventh Circuit. Third, the Debtor claims that the automatic stay was also violated on August 2, 1990, when Weissman, on behalf of CIT, initiated civil contempt proceedings in the district court action against the Debtor and Chill for filing the plan and disclosure statement. The Debtor seeks relief under section 362(h), contending that to the extent that these proceedings upset the proposed financing commitment and he fails to reorganize, he is entitled to actual damages, plus treble punitive damages, costs and attorneys' fees.

Weissman and CIT, in response, deny any violation of section 362. First, they assert that the October 16, 1989 order, entered with the Debtor's consent, serves to estop the Debtor from claiming that he still holds the beneficial interest in the Land Trust. They additionally argued that Judge Norgle's July 30, 1990 order was entered *nunc pro tunc* and therefore af-

firms the July 19, and October 16, 1989 orders he entered which do not violate section 362. Weissman and CIT claim that by virtue of those orders, the beneficial interest in the Land Trust is not property of the Debtor's estate in the Chapter 11 proceedings and therefore, the subsequent post-petition proceedings in the district court do not involve any property of the estate subject to the automatic stay. Next, Weissman and CIT assert that the July 13, 1990 citation proceeding in the district court against CT & T was directed against a non-debtor/third-party and thus it did not violate the automatic stay. In addition, Weissman and CIT argue that full faith and credit must be given by this Court to the pre-petition district court judgment and orders entered in that action. They assert that same are *res judicata* with respect to the issue of the ownership of the beneficial interest in the Land Trust. Lastly, they argue that the August 2, 1990 sanction order does not violate the automatic stay of section 362.

The Debtor replies with three arguments. First, the district court had no jurisdiction after the citation proceedings against the Debtor allegedly terminated on May 4, 1989, as CIT never obtained an extension of those proceedings pursuant to Ill.Rev.Stat. ch 110A, para. 277(f) (1989). Accordingly, the Debtor asserts that Judge Norgle's orders of April and October 1989 and the orders he entered in July and August, 1990 are void for lack of jurisdiction, including the contempt orders entered as collateral to the citation proceedings. Second, the Debtor argues that the post-petition action taken in the district court involved property of the estate. As a result of CT & T not being made a party to the district court action until June, 1990, the prior district court orders were ineffective to validly transfer to CIT all the Debtor's beneficial interest in the Land Trust. Thus, the Debtor concludes that CIT's citation lien was not perfected and the Debtor can still have the benefits of the automatic stay and attempt to reorganize. Third, the Debtor replies that even if the district court had jurisdiction to enter all its orders, the Debtor had actual possessory interests

in the Laflin property, he has collected all the rentals therefrom, and held himself out as the owner thereof. Hence, the Debtor's possessory interest and his claimed equity in the Laflin property, which allegedly exceeds the aggregate amount of the claims and encumbrances against it, are property of the estate under section 541 and protected by the automatic stay pursuant to section 362.

## IV. STANDARDS

### A. FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

Bankruptcy Rule 9011(a) provides:

*Every* petition, pleading, motion and *other paper* served or *filed in a case under the Code on behalf of a party represented by an attorney,* except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, *shall be signed by at least one attorney* of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. *If a document is not signed it shall be stricken* unless it is signed promptly after the omission is called to the attention of the person whose signature is required. *If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which*

*may include* an order to pay to the other party or parties *the amount of the reasonable expenses incurred* because of the filing of the document, *including a reasonable attorney's fee.*

Fed.R.Bankr.P. 9011(a) (emphasis added).

■ Bankruptcy Rule 9011 and Rule 11 are analogous. Thus, the authorities construing Rule 11 are applicable to the case at bar. The Court has jurisdiction to impose sanctions under these rules. *In re TCI Ltd.*, 769 F.2d 441, 448 (7th Cir.1985); *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943 (Bankr.N.D.Ill.1988); *see also In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221–1222 (8th Cir.1987) (Rule 9011 can be applied by bankruptcy court even though it is not an Article III court). The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–1080 (7th Cir.1987). It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1435 (7th Cir.1987). *See Dreis & Krump Mfg. Co. v. International Ass'n. of Machinists & Aerospace Workers*, 802 F.2d 247, 255 (7th Cir.1986). Subjective bad faith is no longer the inquiry. *See, e.g., Brown*, 830 F.2d at 1435. Once the Court finds a Rule 11 violation, it is required to impose a sanction for the protection of the judicial process and to relieve the financial burden that baseless litigation imposes on the other side. *Szabo*, 823 F.2d at 1082; *see also PainWebber Inc. v. Can Am Financial Group, Ltd.*, 121 F.R.D. 324, 329 (N.D.Ill.1988), *aff'd*, 885 F.2d 873 (7th Cir.1989); *Mars Steel Corp. v. Continental Illinois Nat. Bank & Trust Co.*, 120 F.R.D. 53, 55 (N.D.Ill.1988), *aff'd*, 880 F.2d 928 (7th Cir.1989).

■ Rule 11 contains two grounds for sanctions. The first ground is the "friv-olousness clause." *Brown*, 830 F.2d at 1435. The relevant inquiry for this ground has two prongs: (1) whether the attorney or party made a reasonable investigation into the facts; and (2) whether the attorney or party made a reasonable investigation of the law.[4] In making a determination of whether the attorney or party made a reasonable inquiry into the facts of the case, the following five factors must be considered: (1) whether the signer of the documents had sufficient time for investigation; (2) the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Brown*, 830 F.2d at 1435; *see also R.K. Harp Invest. Corp. v. McQuade*, 825 F.2d 1101, 1103–1104 (7th Cir.1987). A pleading, motion, or paper is not well-grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing. *Frazier v. Cast*, 771 F.2d 259, 263–265 (7th Cir.1985).

■ The second ground for imposing sanctions under Rule 11 is the "improper purpose" clause. *Brown*, 830 F.2d at 1436. This ground of Rule 11 provides that a motion, pleading, or other document may not be interposed for the purposes of delay, harassment, or increasing the costs of litigation. An objective standard is used to assess whether the party or attorney acted with an improper purpose. *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

In a recent opinion, the United States Supreme Court in *Pavelic & LeFlore v. Marvel Entertainment Group Div. of Ca-*

---

**4.** From the outset, it should be noted that CIT has not alleged an unreasonable investigation of the law. Rather, CIT contends that by listing the beneficial interest in the Land Trust as owned by the Debtor, without fully summariz-ing Judge Norgle's pre-petition orders in the plan and disclosure statement, it constitutes a misrepresentation of the surrounding facts. Thus, the Court will not discuss the second prong of the first ground.

*dence Industries Corp.,* —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) opined in regard to the phrase "person who signed", "as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run *as to him." Id.* 110 S.Ct. at 459. Hence, the Supreme Court held that Rule 11 authorizes the imposition of a sanction only against the individual person or persons signatory, even when the individual signing does so explicitly on behalf of another. In its most recent opinion on Rule 11, *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court stated that:

> Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." Such a sanction may, but need not, include payment of other parties expenses.

*Id.* 110 S.Ct. at 2454.

■■■ When a sanction is imposed for misconduct, a frequent question arises as to whether the brunt of the sanction should be borne by the litigant or by counsel. Courts allocate sanctions between the attorney and the client according to their relative culpability in violating Rule 11. *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985). Generally, sanctions fall wholly on the client when he has misled his attorney as to the facts or purpose of the proceeding as in *Chevron, supra.* When an attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability. *See In re TCI Ltd.,* 769 F.2d at 446 ("When lawyers yield to the temptation to file baseless pleadings to appease clients, however, they must understand that their adversary's fees become a cost of *their* business."). The amount (and nature) of sanctions to be imposed is left to the discretion of the Court. *Frantz v. U.S. Powerlifting Feder-*

*ation,* 836 F.2d 1063, 1066 (7th Cir.1987); *Diversified Technologies Corp. v. Jerome Technologies, Inc.,* 118 F.R.D. 445, 453 (N.D.Ill.1988).

## B. THE AUTOMATIC STAY OF SECTION 362

Pursuant to section 362(a)(1), the filing of a petition in bankruptcy operates as an automatic stay of the commencement of any actions to recover a claim against a debtor that arose before the commencement of the case. Subparagraph (a)(3) prohibits any act to obtain possession of or exercise control over property of the estate. Subparagraph (a)(4) further prohibits acts to enforce of any lien against property of the estate. Moreover, subparagraph (a)(6) stays any act to collect any claim against a debtor that arose before the commencement of the case.

■■■ Section 362(h) provides that actual damages, including costs and attorneys' fees, may be recovered by an individual for a willful violation of the automatic stay. 11 U.S.C. § 362(h). Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay. *In re Forty–Eight Insulations, Inc.,* 54 B.R. 905, 909 (Bankr.N.D.Ill. 1985); *In re Allen,* 83 B.R. 678, 681 (Bankr.E.D.Mo.1988); *In re Wagner,* 74 B.R. 898, 903 (Bankr.E.D.Penn.1987). A creditor's violation of the stay is willful even if the creditor believed itself justified in taking an action found to be violative of the stay. *In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bankr. D.Conn.1985). Attempts to collect a scheduled debt in another forum are impermissible. *In re Ellis,* 66 B.R. 821, 823 (N.D.Ill. 1986). Creditors who act without court approval do so at their peril and expense. *In re AM International, Inc.,* 53 B.R. 744 (Bankr.M.D.Tenn.1985).

■■■ The relief sought references contempt. The damage remedies afforded by section 362(h) are neither sanctions nor based on contempt of court. No order of this Court has been allegedly violated. Consequently, contempt proceedings under

Bankruptcy Rule 9020 are inappropriate. This procedural distinction follows earlier Opinions of the Court. *See In re Price,* 103 B.R. 989 (Bankr.N.D.Ill.1989) and *In re Prairie Trunk Railway,* 112 B.R. 924 (Bankr.N.D.Ill.1990).

## V. DISCUSSION

### A. THE RULE 9011 MOTION

■■■ The Debtor's plan and disclosure statement violate Bankruptcy Rule 9011 in several particulars. First, and most obvious, they have not been signed by at least one of the Debtor's attorneys of record. The plan and disclosure statement are "other papers" filed in this case on behalf of the Debtor, who is represented by CC & R. The plan and disclosure statement do not fall within the exceptions to those pleadings required to be signed by at least one attorney of record because neither are a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 statement or amendments thereto. Second, the plan and disclosure statement fail to fully and accurately reference Judge Norgle's orders purportedly divesting the Debtor of his beneficial interest in the Land Trust. Although the Debtor may dispute, and has appealed the alleged defectiveness of some if not all of those orders, they have, in fact, been entered. The lack of accurate reference in the plan and disclosure statement misrepresents the true nature of the contested status of the beneficial interest in the Land Trust. Although the July 31, 1990 order was referenced in the disclosure statement and was attached as an exhibit, which in turn referenced the July 19 and October 16, 1989 orders, the earlier orders from April and July, 1989 were not referenced. The bases of the Debtor's contentions that the orders were ineffective are not contained in the plan and disclosure statement.

It is not a defense to Rule 9011 for the Debtor to argue an alleged lack of jurisdiction in the district court relative to the post-judgment citation to discover assets proceedings. Those arguments made here are by way of an attempted collateral attack on the validity of Judge Norgle's orders. This Court need not pass on the merits of such contentions for purposes of ruling on either motion at bar. The bankruptcy court is not the appropriate forum for an attempted effective collateral attack on the orders entered by Judge Norgle. *See generally In re Chicago, Milwaukee, St. Paul and Pacific Railroad Co.,* 738 F.2d 209 (7th Cir.1984) (judgment by a court of competent jurisdiction bears a presumption of regularity and is therefore not subject to collateral attack); *In re Hammett,* 42 B.R. 48 (Bankr.N.D.Miss.1984) (a bankruptcy court will not sustain a collateral attack on a judgment of a court of competent jurisdiction). The bankruptcy court cannot serve as an appellate forum to challenge the validity of orders entered by the district court. Pursuant to 28 U.S.C. § 158(a), the district court has jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy court entered in cases and proceedings referred to bankruptcy judges under 28 U.S.C. § 157. The converse does not hold true. The Seventh Circuit Court of Appeals, to which the Debtor has now appealed, is the appropriate forum to challenge those orders and Judge Norgle's jurisdiction. *See* 28 U.S.C. § 1291.

### B. CIT'S SECTION 362(h) MOTION

■■■ CIT's actions were deliberately done with knowledge that the bankruptcy case was pending. CIT had knowledge of the pending bankruptcy, thus its actions were willful. CIT does not dispute that its post-petition actions in the district court action were taken to enforce its judgment against the Debtor. It is also undisputed that CIT's actions were taken without a prior modification of the automatic stay. Such actions constitute a violation of the automatic stay. The Court did not allow, nor was it aware of the unauthorized post-petition actions of CIT. CIT should have filed a motion for relief from the automatic stay and received an appropriate order under section 362(d)(1) or (d)(2) before proceeding to further enforce its judgment.

## C. APPROPRIATE RELIEF UNDER BOTH MOTIONS

■ The Debtor's violation of Rule 9011 requires an appropriate sanction which may include as part of the discretion afforded the Court, an order to pay reasonable expenses incurred by the other party, plus a reasonable attorneys' fee. There is no single "right" sanction. *Frantz v. U.S. Powerlifting Federation*, 836 F.2d at 1066. The plan and disclosure statement were signed only by the Debtor and not by one or more of his attorneys. Furthermore, the disclosure statement has already been held inadequate under section 1125. Accordingly, the appropriate sanction the Court will impose is the striking of the plan and disclosure statement. Although the Court afforded CIT the opportunity to present evidence to support its relief sought, it failed to furnish any evidence of expenses or attorneys' fees incurred in this matter. CIT has waived an opportunity for hearing. The Court is not inclined to expend additional time on this matter, effectively bifurcating same. Consequently, the Court declines to assess any costs or fees against the Debtor. Although CC & R failed to comply with Rule 9011 and sign the plan and disclosure statement, the Court cannot assess sanctions against it in light of the holding in *Pavelic & LeFlore.*

■ Similarly, CIT has willfully violated the automatic stay by proceeding against the Debtor with the district court action. Although the Debtor has been put to some trouble and inconvenience by virtue of CIT's conduct, the Debtor waived an evidentiary hearing. The Debtor failed to furnish any evidence of actual damages, costs or attorneys' fees to warrant recovery of same. Absent the showing of liquidated or demonstrable actual damages, the Court declines to assess actual or punitive damages. A party seeking attorneys' fees as a sanction must present a request from which an amount can be computed with reasonable certainty. Failure to submit same justifies a rejection of the request. *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074 (7th Cir.1987).

■ The Court cannot award damages, costs or fees where none have been clearly proven. Such results obtain, notwithstanding the fact that both Rule 9011 and section 362 have been violated. Damages can only be awarded if there is evidence supporting the award of a definite amount, which may not be predicated upon pure speculation. Once a party has proven that he has been damaged, he needs to show the amount of damages with reasonable certainty. *See generally* 15 Illinois Law and Practice, *Damages*, § 14 (1983 and Supp. 1988); Hunter, *Federal Trial Handbook 2d*, § 80.5 (1984 and Supp.1987). Evidentiary hearings on attorneys' fees are required only if there are disputed factual issues. *Hill v. Norfolk & Western Railway Co.*, 814 F.2d 1192, 1201–1202 (7th Cir.1987); *In re TCI Ltd.*, 769 F.2d at 445.

The Court will not further burden its calendar by bifurcating either motion and setting either matter over for future evidentiary hearings or other proof of the requested damages and fees prayed for by both parties. Enough is enough. One of the unfortunate, but inevitable, side effects of the policy of the rigorous application of Rule 11 in this circuit, as exemplified by both of these matters, is that it sometimes engenders Rule 11 collateral litigation. In this case, a Bankruptcy Rule 9011 motion has spawned a responsive section 362(h) motion. Both of the motions at bar are well taken. Unfortunately, they inherently generate much heat without any light. Bad feelings unnecessarily run among counsel for the opposing litigants. Messrs. Weissman and Chill, in particular, are both experienced and able counsel who should know better than to engage in litigation tactics with this end result. The Court has been compelled to expend a substantial amount of its valuable and scarce time resolving the motions. Unfortunately, the parties' attention to the principal matters before this Court, namely the Debtor's attempted reorganization, have been diverted. The future focus in these proceedings needs to be redirected back to the attempted reorganization of the Debtor.

## VI. CONCLUSION

For the foregoing reasons, the Court allows CIT's motion for imposition of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 and strikes the Debtor's plan and disclosure statement filed on or about August 2, 1990. The Debtor's motion for relief under section 362(h) will be allowed. However, the Debtor has failed to prove any damages, costs or fees. Accordingly, none will be awarded. Each party shall bear its own costs and attorneys' fees incurred in these matters.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.